# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 18, 2013 Session

## IN THE MATTER OF: LEVI D.

### Direct Appeal from the Juvenile Court for Madison County
### No. 49-43,288     Christy Little, Judge

### No. W2012-00005-COA-R3-PT - Filed May 1, 2013

This is a termination of parental rights case. The trial court concluded that it was in the best interests of the child to terminate Mother's parental rights on the grounds that Mother was incarcerated under a sentence of more than 10 years and her child was under the age of eight at time of sentencing, *see* Tenn. Code Ann. § 36-1-113(g)(6), and that Mother was convicted of the intentional and wrongful death of the child's other parent, *see* Tenn. Code Ann. § 36-1-113(g)(7). Mother appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Daniel P. Bryant, Clarksville, Tennessee, for the appellant, Molly D.

Lanis L. Karnes, Jackson, Tennessee, Guardian Ad Litem, Petitioner/Appellee.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, and Jordan Scott, Assistant Attorney General, for the Attorney General for the State of Tennessee.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall

(continued...)

## I. Background

The facts in this matter are undisputed. Molly D. ("Mother") and Chico D. ("Father") are the parents of Levi, born in April, 2005. On April 30, 2010, the Criminal Court of Madison County entered a judgment pursuant to a guilty plea by Mother sentencing her to fifteen (15) years incarceration for facilitating the murder of Father, tampering with evidence, and filing a false police report. Thereafter, on December 29, 2010, Levi's guardian *ad litem* ("GAL") petitioned to terminate Mother's parental rights. The GAL alleged, among other things, that Mother's parental rights should be terminated pursuant to Tennessee Code Annotated section 36-1-113(g)(6) because Mother was incarcerated under a sentence of more than ten (10) years and Levi was under the age of eight at the time of sentencing. In response, Mother filed an answer challenging the constitutionality of Tennessee Code Annotated section 36-1-113(g)(6) as violative of due process since Mother allegedly did not know, and her criminal defense attorney failed to inform her, that her parental rights could be terminated if she entered a guilty plea. Mother further argued that the GAL's petition failed to include the necessary language required by Tennessee Code Annotated section 36-1-113(d)(3)(C).

On May 17, 2011, the trial court conducted a hearing on the GAL's petition to terminate Mother's parental rights. At the hearing, the GAL made an oral motion to amend the termination petition to include the ground for termination that Mother was convicted of the intentional and wrongful death of Father pursuant to Tennessee Code Annotated section 36-1-113(g)(7). After the hearing, the trial court concluded that Tennessee Code Annotated section 36-1-113(g)(6) was constitutional; that the language of the GAL's petition was not deficient; that clear and convincing evidence existed to terminate Mother's parental rights pursuant to Tennessee Code Annotated section 36-1-113(g)(6) and section 36-1-113(g)(7); and that the evidence presented clearly and convincingly established that it was in the Levi's best interest to terminate Mother's parental rights. Mother timely filed a notice of appeal to this Court.

## II. Issues Presented

Mother presents the following issues, as restated, for our review:

(1)     Whether the trial court erred in holding that Tennessee Code Annotated

---

[1](...continued)
be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited
or relied on for any reason in any unrelated case.

section 36-1-113(g)(6) was constitutional,

(2)     Whether the trial court erred in concluding that clear and convincing evidence existed to terminate Mother's parental rights pursuant to Tennessee Code Annotated section 36-1-113(g)(6),

(3)     Whether the trial court erred by considering Tennessee Code Annotated section 36-1-113(g)(7) as a ground for termination of Mother's parental rights when it was not included in the termination petition,

(4)     Whether the trial court erred in concluding that clear and convincing evidence existed to terminate Mother's parental rights pursuant to Tennessee Code Annotated section 36-1-113(g)(7), and

(5)     Whether the trial court erred by refusing to dismiss the termination petition when it did not include the statutory language found in Tennessee Code Annotated section 36-1-113(d)(3)(C)(i)-(iii).

## III.  Standard of Review

We review a trial court's findings of fact de novo upon the record, according a presumption of correctness to the findings unless a preponderance of the evidence is to the contrary.  Tenn. R. App. P. 13(d); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002) (citation omitted).  No presumption of correctness attaches to a trial court's conclusions of law.  Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000) (citation omitted).  We will not reevaluate the determinations of a trial court based on an assessment of credibility unless clear and convincing evidence is to the contrary.  *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005) (citation omitted).  Furthermore, where the trial court has not made a specific finding of fact, we review the record de novo.  *In re Valentine*, 79 S.W.3d at 546 (citation omitted).

Tennessee Code Annotated section 36–1–113 governs the termination of parental rights.  This provision of the Code provides, in pertinent part:

(c) Termination of parental or guardianship rights must be based upon:
(1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and
(2) That termination of the parent's or guardian's rights is in the best interests of the child.

-3-

Tenn. Code Ann. § 36–1–113(c)(1), (2) (2010). This two-step analysis requires appellate courts to consider "whether the trial court's findings, made under a clear and convincing standard, are supported by a preponderance of the evidence." *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006). "Although the 'clear and convincing evidence' standard is more exacting than the 'preponderance of the evidence' standard, it does not require the certainty demanded by the 'beyond a reasonable doubt' standard." *In re M.A.B.*, No. W2007–00453–COA–R3–PT, 2007 WL 2353158, at *2 (Tenn. Ct. App. Aug. 20, 2007) (citation omitted). "Clear and convincing evidence is evidence that eliminates any substantial doubt and that produces in the fact-finder's mind a firm conviction as to the truth." *Id.* (citation omitted).

The heightened burden of proof in parental termination cases requires us to distinguish between the trial court's findings with respect to specific facts and the "combined weight of these facts." *In Re: Michael C. M.*, No. W2010–01511–COA–R3–PT, 2010 WL 4366070, at *2 (Tenn. Ct. App. Nov. 5, 2010) (quoting *In Re: M.J.B* ., 140 S.W.3d 643, 654 n.35 (Tenn. Ct. App. 2004)). Although we presume the trial court's specific findings of fact to be correct if they are supported by a preponderance of the evidence, we "must then determine whether the combined weight of these facts provides clear and convincing evidence supporting the trial court's ultimate factual conclusion." *Id.*

## IV. Analysis

### A. Failure to Notify the Attorney General

We begin our analysis by addressing Mother's constitutional challenge of Tennessee Code Annotated section 36-1-113(g)(6). If a party seeks to attack the constitutionality of a statute, Tennessee Code Annotated section 29-14-107(b) mandates that "the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard." Further, Rule 24.04 of the Tennessee Rules of Civil Procedure provides, in pertinent part, "[w]hen the validity of a statute of this state . . . is drawn in question in any action to which the State or an officer or agency is not a party, the court shall require that notice be given the Attorney General, specifying the pertinent statute, rule or regulation." Our review of the record indicates that Mother failed to notify the Attorney General of her constitutional challenge during the proceedings below. Although Mother notified the Attorney General of her constitutional challenge once this matter was on appeal, she admits that she did not notify the Attorney General of her constitutional challenge at trial. Therefore, in light of Mother's failure to timely raise her constitutional challenge at trial, this issue is deemed waived.

## B. Grounds for Termination of Mother's Parental Rights

The trial court found two grounds for termination of Mother's parental rights.[2] Only one ground must be proved by clear and convincing evidence to justify termination of parental rights. Tenn. Code Ann. § 36-1-113(c). Mother argues that the trial court erred in concluding that clear and convincing evidence existed to terminate her parental rights pursuant to Tennessee Code Annotated section 36-1-113(g)(6).[3] Tennessee Code Annotated section 36-1-113(g)(6) establishes a ground for termination of parental rights if:

> The parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court[.]

Tenn. Code Ann. § 36-1-113(g)(6). As indicated in the record by the judgment entered in the Criminal Court of Madison County, it is undisputed that Mother was incarcerated and ordered to serve a sentence in excess of ten years for facilitating the murder of Father, tampering with evidence, and filing a false police report. Moreover, it is undisputed that Levi was under the age of eight at that time. Accordingly, we agree with the trial court that clear and convincing evidence exists to terminate Mother's parental rights pursuant to Tennessee Code Annotated section 36-1-113(g)(6). In light of our determination that clear and convincing evidence exists to support this ground for termination of Mother's parental rights, we pretermit discussion of the remaining ground for termination.[4]

## C. Requirements of Tennessee Code Annotated § 36-1-113(d)(3)(C)(i)-(iii)

---

[2]Mother does not challenge the trial court's conclusion that termination of her parental rights was in the best interests of Levi.

[3]We note that Mother raises this issue in the Statement of the Issues in her appellate brief, but she does not argue the issue in the body of her brief. Generally, Mother's failure would result in a finding by this Court that she waived the issue on appeal. Tenn. R. App. P. 27(a)(7); *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000). Given the gravity of an action to terminate parental rights, however, we exercise our discretion to consider the issue. Tenn. R. App. P. 2.

[4]Tennessee Code Annotated section 36-1-113(g)(7) establishes a ground for termination of parental rights when "[t]he parent has been convicted of or found civilly liable for the intentional and wrongful death of the child's other parent or legal guardian." Assuming that the trial court properly considered this ground, which we do not find, Mother's argument would require this Court to construe Tennessee Code Annotated section 36-1-113(g)(7) to determine whether the facilitation of murder was intended by our legislature to be included within the above quoted language. Because any discussion of this ground would not affect the outcome of this matter, the issue is pretermitted.

Finally, we address Mother's argument that the trial court erred by refusing to dismiss the termination petition when it did not include the statutory language found in Tennessee Code Annotated section 36-1-113(d)(3)(C)(i)-(iii). This provision of the Code provides:

> (C) The petition to terminate, or the adoption petition that seeks to terminate parental rights, shall state that:
>
>      (i) The petition or request for termination in the adoption petition shall have the effect of forever severing all of the rights, responsibilities, and obligations of the parent(s) or guardian(s) to the child who is the subject of the order, and of the child to those parent(s) or guardian(s);
>
>      (ii) The child will be placed in the guardianship of other person, persons or public or private agencies who, or that, as the case may be, shall have the right to adopt the child, or to place the child for adoption and to consent to the child's adoption; and
>
>      (iii) The parent or guardian shall have no further right to notice of proceedings for the adoption of the child by other persons and that the parent or guardian shall have no right to object to the child's adoption or thereafter, at any time, to have any relationship, legal or otherwise, with the child.

Tenn. Code Ann. § 36-1-113(d)(3)(C)(i)-(iii).

We addressed a similar situation in *State v. Whited*, No. M2000-03213-COA-R3-JV, 2001 WL 1386095 (Tenn. Ct. App. Nov. 8, 2001). In *Whited*, the appellant argued that the petition to terminate her parental rights was fatally defective because it failed to state the requirements of Tennessee Code Annotated section 36-1-113(d)(3)(C). *Id.* at *7. This Court concluded, however, that the petition was not fatally defective because the petition, "[w]hile not explicitly citing the statute," set out the content of the legislation by stating:

> That upon hearing, the Court enter a decree forever terminating all of the parental rights which Respondents have to [the child] . . . ; providing that Respondents shall have no further right to notice of proceedings for the adoption of the child, shall have no right to object to the child's adoption, and shall have no relationship, legal or otherwise, with the child; and awarding the complete custody, control and guardianship of the child to the State of Tennessee, Department of Children's Services, with the right to place him for adoption and to consent to such adoption *in loco parentis*.

*Id.*

The GAL argues that, as in *Whited*, the termination petition in this matter sufficiently

sets out the content of Tennessee Code Annotated section 36-1-113(d)(3)(C). The termination petition filed by the GAL contains the following language:

> There are no other such rights, which must be terminated before the child can be made available for adoption.
>
> . . . .
>
> The minor child is in a family home that wants to adopt them [sic]. . . .
>
> . . . .
>
> Those [sic] upon the hearing of this cause, the Court find on the basis of clear and convincing evidence grounds for termination of parental rights of the Respondent, and enter a decree forever terminating all Respondent's parental rights with respect to the minor child on any or all of the grounds pleaded herein.
>
> That pursuant to T.C.A. § 36-1-116(f)(3), upon termination of all Respondent's parental rights, this Court issue an Order placing the child in the sole guardianship of the Petitioner.

Upon review of the record, we conclude that the petition in this case sufficiently put Mother on notice of the effect of the proceedings to terminate her parental rights. Although the termination petition does not mirror the exact language of Tennessee Code Annotated section 36-1-113(d)(3)(C), it clearly provides that, if granted, Mother's parental rights would be terminated, that Levi's current custodians wanted to adopt him upon conclusion of the termination proceedings, and that Levi would be placed in the legal and physical custody of someone other than Mother. Therefore, we agree with the trial court's conclusion that the language of the termination petition was not deficient.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Molly D., for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE