IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## PATRICIA DARLENE BEAN, v. HOWARD DALE BEAN,

**Appeal from the Chancery Court for Lawrence County**
**No. 9317-98, Hon. Robert L. Holloway, Chancellor**

---

**No. M1999-01822-COA-R3-CV - Decided June 19, 2000**

---

In the appeal of this divorce case, the Court dismissed the appeal for failure of appellant to substantially comply with T.R.A.P. Rule 27 and Court of Appeals Rules 6 and 15.

**Tenn. R. App. P.3, Appeal as of Right; Judgment of the Chancery Court affirmed.**

FRANKS , J., delivered the opinion of the court, in which SUSANO.J., and SWINEY, J., joined.

Paul A. Bates, Lawrenceburg, for Plaintiff-Appellee.

C. Alex Meacham, LaVergne, for Defendant-Appellant.

### OPINION

In this divorce action, the husband appeals from the Divorce Judgment which recites in pertinent part:

> the parties thereupon announced a settlement of all issues herein which the Court finds to be fair and equitable and adequately provides for the support and maintenance of the parties' minor child, and is as hereinafter stated.

The husband, appellant, essentially raises seven issues in his brief, ranging from the failure of the Trial Judge to recuse himself to inequitableness of the property division.

For the reasons hereinafter set forth, we decline to address the issues raised.

The Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals set forth rules regarding appellate practice, specifically, the form and contents of a party's brief. Rule 27 of the Tenn. R. App. P. provides that the Brief of the Appellant **shall** contain the following:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on;

(8) A short conclusion, stating the precise relief sought.

The Rules of the Court of Appeals set forth the format and content of the written argument in regard to each issue on appeal. Rule 6(a) states that the argument for each issue **shall** contain:

1. A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.

2. A statement showing how such alleged error was reasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

-2-

3.  A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

4.  A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Rule 6(b) then provides that

No complaint for reliance upon action by the trail court will be considered on appeal unless the argument thereon contains a specific reference to the page or pages of the record where such action is recorded.  No assertion of fact will be considered on appeal unless the argument upon such assertion contains a reference to the page or pages of the record where evidence of such fact is recorded.

Finally, Rule 15 sets forth the specific requirements for briefs in domestic relations cases, where the issues involve the amount or the disposition of the marital property:

The appellant's brief shall contain in the statement of facts or in an appendix, an orderly tabulation of all marital property in a form substantially like the form attached hereto.  All entries in the table as to value and to whom the property was awarded shall be accompanied by a citation to the record where the information may be found.

If the appeal involves issues about the separate property of either party or the allocation of marital debts, the appellant's brief shall contain a separate table in the same form showing the pertinent information for that disputed issue.

For good cause, we may suspend the requirements or provisions of these rules in a given case.  However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928).  Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas*, 1998 WL 136553 (Tenn. Ct. App.. March 27, 1998).

First, the "Statement of the Case" reads:

Appellant believes that through the pressure put on him by being accused of being guilty of perjury he agreed to Mrs. Bean getting great more property and alimony than she was entitled to under law.

This does not satisfy the requirements of Rule 27(a)(5) which must indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below.

Next, appellant's "Statement of Facts" is nothing more than a statement of the case, outlining the procedure of the case and findings of the Trial Court. Only parts of this contains citations to the record. More significantly, husband has neglected to include any facts regarding the distribution and classification of marital and separate property, despite the fact that his first issue on appeal concerns the distribution of property, and in this regard there is no compliance with Rule 15 of this Court. In *Lucas*, we held that failure of an appellant to comply with the requirements of Rule 15 and Rule 27(a)(6) are a sufficient basis to dismiss the appeal.

However, most egregious is the husband's "Argument" section. The husband sets forth some seven issues for appeal in his "Statement of the Issues for Review," yet the argument reads, in its entirety:

> Mrs. Bean was only married to Mr. Bean and lived with him approximately 2 years. He got $90,000.00 malpractice settlement. He put property in both his name and hers. They spent the rest of the money prior to the divorce.
>
> In the settlement made on August 13, 1999 Appellant was under accusations of being guilty of perjury and agreed to Mrs. Bean [sic] receiving much more alimony and property that she was entitled.
>
> In Crain v. Crain 9255 S.W.2d 232 (Tennessee court of Appeals 1996)[1].
>
> "Where the marriage was of short duration, the value of items received by the wife during the marriage offset the value of her contributions, and, even though she was 65 years old, her age and physical condition did not disqualify her from seeking employment."
>
> The Judge should have recused himself instead of allowing pressure of Mrs. Bean's lawyer to cause appellant to agree to an unfair settlement.

This argument is woefully deficient in meeting the requirements of Rule 27(a)(7) T.R.A.P., and Rule 6(a) Tennessee Court of Appeals Rules.

The foregoing "Argument" does not address all the issues raised, nor does it provide citations to facts in the record or provide citations of authority that support his allegations (other than the one case touching upon the issue of distribution of property). Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller,*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993).

---

[1]The correct citation of this case is *Crain v. Crain*, 925 S.W.2d 232 (Tenn. Ct. App. 1996).

Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope,* 940 S.W.2d 575, 567-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).

Because of the numerous deficiencies in Appellant's brief, we decline to address the issues raised. As noted in *England v. Burns Stone Company, Inc.,* 874 S.W.2d 32, 35 (Tenn. Ct. App. 1994), parties cannot expect this court to do its work for them. This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (*citing Airline Const. Inc., v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

For the foregoing reasons we dismiss this appeal with costs of the appeal assessed to appellant.