# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### May 24, 2012 Session

## DONNA F. SMITH THOMPSON v. DEUTSCHE BANK NATIONAL TRUST COMPANY

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3208      Clayburn Peeples, Judge**

_____

**No. W2011-00329-COA-R3-CV - Filed June 4, 2012**

_____

The trial court denied Plaintiff's motion to continue and awarded summary judgment to Defendant Bank. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Donna F. Smith Thompson, *Pro se*.

Samuel P. Funk and Michael G. Abelow, Nashville, Tennessee, for the appellee, Deutsche Bank National Trust Company.

## MEMORANDUM OPINION[1]

This lawsuit arises from the October 29, 2009, foreclosure sale of Plaintiff's real property in Alamo, Tennessee. In July 2010, Plaintiff Donna F. Smith Thompson (Ms. Thompson), acting *pro se,* filed an action against Deutsche Bank National Trust Company

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Deutsche Bank") in the General Sessions Court for Crockett County. In her action, Ms. Thompson alleged Deutsche Bank failed to give her proper notice of default and the resulting foreclosure sale of her real property. She sought damages and possession of the property. The general sessions court determined that Deutsche Bank "did not provide proper notice of default and right to cure the default to Plaintiff as required by the Deed of Trust." The court further found that Ms. Thompson had "notice of the foreclosure sale and failed to make any effort to appear or stop the sale." The court accordingly held that "the transfer of the property [sic] Substitute Trustee's Deed is valid, and, pursuant to Tenn. Code Ann. § 35-5-106, any claim by Plaintiff for a improper foreclosure sale must be pursued against said Substitute Trustee."

Ms. Thompson filed an appeal to the circuit court in August 2010. In December 2010, she filed an amended complaint asserting that Deutsche Bank had "committed fraud . . . by hiring an unlicensed notary to witness and seal the mortgage contract without the present [sic] of Plaintiff and hiring an unknown attorney that cannot verify his state license." She asserted that "[t]hese actions of [Deutsche Bank] was intended to forge[]" the mortgage documents. She further asserted Deutsche Bank had failed to provide her with notice of the foreclosure sale. Ms. Thompson additionally asserted violations of "H.R.3915." She sought damages in the amount of $20,000 and "recovery of [her] deed."

Deutsche Bank filed a motion for summary judgment on January 3, 2011. In its motion, Deutsche Bank stated:

> Plaintiff appears to make three claims: (1) that the acknowledgment of her original Deed of Trust was somehow improper; (2) that Deutsche Bank did not provide her with proper notice of default or the foreclosure sale; and (3) that Deutsche Bank has violated various provisions of H.R. 3915, the Mortgage Reform and Anti-Predatory Lending Act of 2007. Each of Plaintiffs claims must fail as a matter of law.

Deutsche Banks asserted that Ms. Thompson had presented no proof to suggest that the acknowledgment of the Deed of Trust was improper, but, assuming it was somehow improper, the Deed was validly registered and, therefore, was deemed to be in full compliance with all statutory requirements. It asserted that the validly registered Deed provided constructive notice to all parties, including Deutsche Bank and the buyer at the foreclosure sale. It further asserted that it was undisputed that Deutsche Bank provided Ms. Thompson with notice of default and of the foreclosure sale. Deutsche Bank also asserted that H.R. 3915 was never signed into law, and that Ms. Thompson accordingly failed to state a claim for relief under it. Deutsche Bank asserted that it was undisputed that

On July 1, 2003, Plaintiff executed a Deed of Trust pledging the real property at161 Simmons Circle, Alamo, Crockett County, Tennessee, 38001 ("Property") as security for a loan.

On July 22, 2003, the Register's Office of Crockett County recorded the Deed of Trust of the Property.

Ameriquest Mortgage Company provided Plaintiff with notice of default and its intent to foreclose on several occasions, including on August 1, 2006.

Deutsche Bank was assigned a beneficial interest in the Deed of Trust by instrument recorded on December 18, 2006 in the Register's Office of Crockett County.

On October 1, 2009 and after Plaintiff had fallen behind on her mortgage payments, Deutsche Bank sent a letter by certified mail, return receipt requested, and by regular mail, to Plaintiff that included a copy of the notice of the foreclosure sale and explicitly notified Plaintiff that the foreclosure sale was scheduled for October 29, 2009.

On October 8, 2009, Deutsche Bank first published notice of the foreclosure sale by advertisement in the local newspaper.

Ms. Thompson filed a response on January 14, 2011. She filed an amended response on January 31, 2011. In her amended response, Ms. Thompson asserted that, notwithstanding a letter from the Secretary of State attesting to the authenticity of the notary, a genuine issue of material fact existed with respect to whether the Deed was "forged" where the notary was not "legal." She further asserted that a genuine issue of material fact existed with respect to whether she had received notice of the foreclosure sale. Ms. Thompson also asserted that HR 3915 had been enacted into law. She also demanded damages in the amount of $20,000.00 per day from July 1, 2003, "from which the problem first accurred [sic] . . . until it is cured."

The matter was heard by the trial court on February 2, 2011. The trial court found there were no disputed issues of material fact and that Deutsche Bank was entitled to a judgment as a matter of law. The trial court further stated, in a footnote:

At oral argument, Plaintiff requested additional time to provide "evidence" that she believed would show that the notarization of the Deed of Trust was improper, fraudulent or forged. Because Plaintiff does not dispute executing the Deed of Trust, any issues concerning the notarization of the Deed of Trust

have no bearing on the outcome of the pending motion as it is a question of law. For that reason, the Court denied the request for additional time because the outcome after a delay would have been the same. Moreover, the Court finds that delaying the hearing would serve the interest of neither party and would in fact impede the orderly and expeditious disposition of litigation for no purpose.

The trial court entered final judgment awarding summary judgment to Deutsche Bank on February 14, 2011, and Ms. Thompson filed a timely notice of appeal to this Court.

### *Issue Presented*

Ms. Thompson presents the following statement of the issue:

Whether the court erred in disallowing Donna Thompson the requested continuance to better review the three motions and to subpoena the witnesses to court. Deutsche Bank filed three motions all at the same time around the holidays and this gave Donna Thompson less than 30 days to prepare for court hearing. The motions consisted of over seventy five pages to review.

### *Discussion*

We review a trial court's refusal to grant a motion to continue a summary judgment proceeding to permit further discovery under an abuse of discretion standard of review. *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009). An abuse of discretion occurs when the trial court applies an incorrect legal standard, or when it reaches a decision that is against logic or reasoning and results in an injustice to the complaining party. *E.g., Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)(citations omitted). Additionally, "'a trial court's decision involving discovery must be viewed in the context of the issues being tried and the posture of the case at the time the request for discovery is made.'" *Regions Fin. Corp.,* 310 S.W.3d at 401 (quoting *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 935 (Tenn. Ct. App. 1984)).

Upon review of the record in this case, we find no abuse of discretion on the part of the trial court. The parties have been litigating the identical issues since July 2010. Further, as the trial court noted, Ms. Thompson does not dispute executing the Deed of Trust, but asserts only that the notary's signature was "forged" or somehow invalid. She has offered no proof on this issue, however, and the record contains a written acknowledgment from the Tennessee Secretary of State attesting to the commission of the notary who witnessed the Deed of Trust. To the extent to which Ms. Thompson asserts the trial court erred by

conducting a hearing on Deutsche Bank's motion for summary judgment 29 days after Deutsche Bank served its motion on Ms. Thompson, and not 30 as required by Tennessee Rule of Civil Procedure 56.04, this issue was not raised in the trial court. A "cardinal principle of appellate practice" is that an issue not raised in the trial court cannot be raised for the first time on appeal. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn.2009) (citations omitted). Additionally, an issue that the appellant does not raise or adequately argue in her appellate brief is waived. Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6(a), (b); *Bean v. Bean*, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000) (citations omitted). We agree with Deutsche Bank, moreover, that any asserted error on the part of the trial court on this issue would be harmless in light of this record.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Donna F. Smith Thompson.

_____
DAVID R. FARMER, JUDGE