# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs January 23, 2015

## EASTMAN CREDIT UNION v. CHADWICK D. HODGES

**Appeal from the Circuit Court for Hawkins County**
**No. 12CV0429     Thomas J. Wright, Judge**

_____

**No. E2013-02039-COA-R3-CV-FILED-FEBRUARY 10, 2015**

_____

The trial court entered a default judgment against Defendant for indebtedness incurred under two separate credit agreements.  We affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, J., and KENNY ARMSTRONG, J., joined.

Chadwick D. Hodges, *Pro se*, appellant.

Samuel M. Booher, Kingsport, Tennessee, for the appellee, Eastman Credit Union.

## MEMORANDUM OPINION[1]

### I.Background

On November 19, 2012, Eastman Credit Union ("Eastman") filed suit against Chadwick D. Hodges ("Hodges") seeking recovery for indebtedness owed by Hodges pursuant to two separate credit agreements. Eastman's complaint noted that it had declared all amounts owed under the agreements to be due and payable and prayed that a judgment be entered in its favor for all monetary advances made under the agreements. Eastman also prayed that the trial court award it interest that had accrued on the debts and

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

attorney's fees incurred as a result of debt collection, both of which were provided for in the credit agreements. Hodges never filed an answer to Eastman's complaint, and on August 14, 2013, the trial court heard a motion for default judgment that had been filed by Eastman.

Hodges did not appear at the motion hearing, and the trial court subsequently entered an order granting a default judgment against him. In its order, the trial court noted that although Hodges had been served with process pursuant to the Tennessee Rules of Civil Procedure, he had failed to plead or otherwise defend within the time allowed by law. The trial court accordingly awarded Eastman a judgment for the amounts of indebtedness and interest owed under the credit agreements and further ordered that Hodges pay Eastman $6,000.00 for attorney's fees incurred as a result of Eastman's collection efforts. On August 28, 2013, Hodges filed a timely notice of appeal.

## II.Discussion and Analysis

As an initial matter, we note that Hodges has proceeded *pro se* throughout the proceedings in the trial court and this appeal. "It is well settled that *pro se* litigants must comply with the same standards to which lawyers must adhere[,]" *Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 WL 6640294, at *3 (Tenn. Ct. App. Nov. 25, 2014) (no perm. app. filed) (citation omitted), and we agree with Eastman's observation that Hodges' brief fails to comply with our appellate rules of procedure governing the content of briefs. In addition to containing no citations to the record in support of Hodges statement of facts, Hodges' brief fails to cite any authority in support of the argument outlined therein. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted). Notwithstanding the deficiencies in Hodges' brief, however, we exercise our discretion to review the substance of the issue he has raised for our review.[2]

As we perceive it, the essence of Hodges' argument on appeal is that the judgment of the trial court should be reversed because Eastman did not repossess a motorcycle that served as collateral for one of Hodges' loan obligations. In articulating his viewpoint, Hodges appears to further assert that the value of this motorcycle should have been deducted from the outstanding balance of his loan. Upon review of Hodges' argument in light of the relevant law, we hold that his position has no merit.

---

[2] Pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, this Court has the discretion to suspend the requirements of our procedural rules in a particular case. Tenn. R. App. P. 2. Our decision to review Hodges' issue on appeal should not be construed as an indication that waiver does not typically apply in this situation. We caution litigants that although we have reviewed the issue in this case, we may not be as forgiving in the future.

To the extent that Hodges asserts he should have received some deduction against his loan balance for the value of his motorcycle, we note that this issue was never raised in the trial court. "It is well-settled that issues not raised in the trial court cannot be raised for the first time on appeal." *Ibrahim v. Murfreesboro Med. Clinic Surgi Ctr.*, No. M2013-00631-COA-R3-CV, 2014 WL 5323070, at *4 (Tenn. Ct. App. Oct. 17, 2014) (no perm. app. filed)(citation omitted). Even if we ignore Hodges' failure to raise the issue of offset with the trial court, we note the record does not support his position. Inasmuch as the record transmitted to us indicates that foreclosure has not occurred with respect to the collateral, Hodges' desire for a deduction is untenable.

Moreover, to the extent that Hodges argues the trial court's judgment is somehow invalid because Eastman did not repossess the motorcycle prior to seeking a monetary judgment, we hold that his position has no basis in law. The rights of a secured party after default are governed by Tennessee Code Annotated § 47-9-601. In part, that section provides that a secured party "[m]ay reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure[.]" Tenn. Code Ann. § 47-9-601(a)(1) (2013). These rights, in addition to others provided by the section, are "cumulative[,]" and the statute expressly allows them to be exercised simultaneously. Tenn. Code Ann. § 47-9-601(c) (2013). The statute, however, does not require that a secured party foreclose on collateral prior to or simultaneous to seeking a judgment. As noted by Eastman in its brief, secured parties may obtain a judgment on their debts and then seek execution. Indeed, the statute is clear that an execution sale is a proper method of foreclosing on collateral. *See* Tennessee Code Annotated § 47-9-601(e) & (f) (2013). The fact that Eastman sought a monetary judgment prior to making an attempt to foreclose on the collateral is not a legitimate basis for finding error in the validity of the trial court's judgment. Accordingly, we discern no basis for reversal.

### III. Conclusion

The judgment of the trial court is hereby affirmed. The case is remanded to the trial court for further proceedings as may be necessary and are consistent with the opinion. Costs on appeal are assessed against the Appellant, Chadwick D. Hodges, for which execution may issue if necessary.

_____
**ARNOLD B. GOLDIN, JUDGE**

3