IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 6, 2021 Session

## CANDES PREWITT v. SAINT THOMAS HEALTH

**Appeal from the Circuit Court for Davidson County**
**No. 20C-302      Amanda Jane McClendon, Judge**

**No. M2020-00858-COA-R3-CV**

The plaintiff commenced this action against Saint Thomas Health alleging negligence per se and invasion of privacy through the unauthorized access and disclosure of her confidential medical records relating to the birth of her child at Saint Thomas Midtown Hospital ("Midtown Hospital") in violation of Tennessee's Patient's Privacy Protection Act. Saint Thomas Health responded by filing a motion to dismiss under Tenn. R. Civ. P. 8.01 for failure to plead facts stating a claim with particularity. Specifically, it argued the claims should be dismissed because the complaint failed to address how Saint Thomas Health could be held liable for unauthorized access and use of the plaintiff's medical information from a separate and distinct entity, Midtown Hospital, when the complaint did not allege that an employee or agent of Saint Thomas Medical engaged in such conduct. Alternatively, relying on Tenn. R. Civ. P. 12.02(6), Saint Thomas Health claimed the action was barred by the statute of limitations under Tenn. Code Ann. § 28-3-104. The trial court granted the motion on both grounds and dismissed all claims. This appeal followed. In her appellate brief, Plaintiff takes issue with the trial court's application of the statute of limitations but ignores the trial court's dismissal of her claims under Tenn. R. Civ. P. 8.01. Tennessee Rule of Appellate Procedure 27 provides that the appellant's brief shall contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record" as well as "an argument" setting forth the contentions of the appellant with respect to the issues presented. Tenn. R. App. P. 27(a)(6) and (7). Additionally, Rule 6(a)(4) of the Rules of the Court of Appeals requires the appellant provide a written argument in regard to each issue on appeal that includes "[a] statement of each determinative fact relied upon with citation to the record where evidence of such fact may be found." A party's failure to comply with these rules "waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). Plaintiff's brief fails to comply with these rules by, inter alia, failing to set forth an argument or facts relevant to the trial court's dismissal of her complaint under Tenn. R. Civ. P. 8.01, which was an independent basis for dismissal. As a consequence, the issue is waived. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Anthony Daher, Gallatin, Tennessee, for the appellant, Candes Prewitt.

Paige Idele Bernick and Brian Holmes, Nashville, Tennessee, for the appellee, Saint Thomas Health.

**OPINION**

Candes Prewitt ("Plaintiff") was a patient of Midtown Hospital from December 22 to December 25, 2018, for the delivery of her child and their subsequent care. In January 2019, the father, whom Plaintiff was not in contact with, filed for visitation knowing the exact date of the child's birth. Plaintiff maintains she never told him the date.

In the pro se complaint Plaintiff filed on February 5, 2020, she alleged, in pertinent part:

> 3. The claim for relief . . . arises from the unauthorized access of Plaintiff Prewitt's medical records for treatment received at Defendant Saint Thomas' hospital. . . .
>
> 4. On several occasions throughout 2018 the plaintiff received medical treatment at a hospital owned and operated by Defendant Saint Thomas, more specifically Saint Thomas Midtown Hospital.
>
> 5. On or around December 22, 2018, the plaintiff was admitted to the aforementioned hospital and gave birth via Cesarean section. The plaintiff was hospitalized from on or around December 22, 2018, through December 25, 2018.
>
> 6. The plaintiff kept the pregnancy, as well as the birth of her child private.
>
> 7. In or around late January of 2019, the plaintiff received documents that included the date of her Cesarean section that took place at Defendant Saint Thomas' hospital. The information had apparently been disseminated and obtained by a violent and abusive man.

. . . .

12. Defendant Saint Thomas intentionally intruded upon the plaintiff's solitude or seclusion of private affairs and this intrusion would be highly offensive to a reasonable person, and constitutes the tort of invasion of privacy. Additionally, Defendant Saint Thomas publically [sic] disclosed private facts, both of which are the direct and proximate result of severe and irreversible harm to the plaintiff.

.    .    .

15. Tenn. Code Ann. § 68-11-1502 & 68-11-1503 mandate that patients receiving care at licensed health care facilities have an expectation and right to privacy, as well as mandates that patient information be confidential. The plaintiff alleges that said statutes were violated.

Saint Thomas Health responded to the complaint by filing a Tenn. R. Civ. P. 12.02(6) motion to dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted. Saint Thomas Health argued the cause of action was barred by the applicable statute of limitations, Tenn. Code Ann. § 28-3-104, or in the alternative, should be dismissed for failure to plead facts that state a claim as required by Tenn. R. Civ. P. 8.01. Saint Thomas Health explained dismissal was warranted because Plaintiff failed to allege in the complaint how Saint Thomas Health, a separate corporate entity from Midtown Hospital, could be liable for the alleged unauthorized access and use of Plaintiff's medical information by Midtown Hospital. Saint Thomas Health asked the trial court to take judicial notice of the separate corporate status of Saint Thomas Health and Midtown Hospital and included an exhibit with reports from the Tennessee Secretary of State's website confirming the separate corporate status of the two entities.

After a hearing, the trial court granted Saint Thomas Health's Motion to Dismiss on two separate grounds: (1) because the action was barred by the statute of limitations, which the court found had lapsed no later than January 31, 2020; and (2) because Plaintiff failed to plead with particularity, as required by Tenn. R. Civ. P. 8.01, how she is entitled to relief against Saint Thomas Health when Plaintiff did not identify any individual or action connected to Saint Thomas Health. The trial court explained:

In her Complaint, Plaintiff has alleged unauthorized access and disclosure of her medical records from [Midtown Hospital]. However, there are no factual allegations in the Complaint that address how Saint Thomas can be held liable for unauthorized access and use of Plaintiff's medical information from [Midtown Hospital]. The only attempt to identify any individual responsible for this conduct is her allegation that the information was "disseminated and obtained by a violent and abusive man." There is no statement indicating how the unnamed violent and abusive man is connected

to Saint Thomas. Plaintiff fails to allege that any Saint Thomas employee engaged in this conduct.

There is no allegation that so[me] other unnamed individual who committed these acts was an agent or employee of Saint Thomas. Saint Thomas and [Midtown Hospital] are separate and distinct corporate entities, and Saint Thomas cannot generally be held liable for the conduct of unemployed third parties, including [Midtown Hospital] or its employees. Without at least an allegation that the tortious actor was indeed an agent or employee of Saint Thomas, there is no set of facts that show how Saint Thomas is liable.

The Complaint fails to allege facts, as required by Rule 8.01, that would show that whoever allegedly accessed and disclosed Plaintiff's private information was an employee or agent of Saint Thomas, or how Saint Thomas could otherwise be held liable for that conduct. This Court finds that Plaintiff has failed to state a claim against Saint Thomas.

This appeal followed.

## ANALYSIS

Plaintiff raises two issues on appeal:

1. Whether the trial court erred in granting Defendant's motion to dismiss by not construing the pleadings in the light most favorable to Plaintiff.

2. Whether the trial court erred in granting Defendant's motion to dismiss by misapplying the discovery rule.

Plaintiff's argument in her appellate brief takes issue with the trial court's application of the relevant statute of limitations by arguing that the trial court erred by misapplying the discovery rule and failing to construe the pleadings in the light most favorable to Plaintiff. Significantly, however, her arguments are limited to the statute of limitations issue and ignore the trial court's dismissal of her claims under Tenn. R. Civ. P. 8.01. Thus, Plaintiff provided no argument that challenges the trial court's dismissal of the complaint under Tenn. R. Civ. P. 8.01 for Plaintiff's failure to plead with particularity how she is entitled to relief against Saint Thomas Health when Plaintiff did not identify any individual or action connected to Saint Thomas Health.

The Rules of Appellate Procedure provide that the appellant's brief shall contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record" as well as "an argument" setting forth the contentions of the appellant with respect to the issues presented. Tenn. R. App. P. 27(a)(6)

and (7). Likewise, Rule 6 of the Rules of the Court of Appeals of Tennessee requires the appellant to provide "[a] statement of each determinative fact relied upon with citation to the record where evidence of such fact may be found." A party's failure to comply with these rules "waives the issues for review." *Bean*, 40 S.W.3d at 55. Here, Plaintiff's brief fails to comply with these rules by, inter alia, failing to set forth facts relevant to the trial court's dismissal of her complaint under Tenn. R. Civ. P. 8.01, which was an independent basis for dismissal.

The complaint alleged that Plaintiff's private medical information had been disclosed in violation of Tennessee's Patient's Privacy Protection Act but failed to allege that the disclosure was made by an employee or agent of Saint Thomas Health or to otherwise explain how Saint Thomas Health could be liable for the actions of Midtown Hospital. The complaint simply stated: "On several occasions throughout 2018 the plaintiff received medical treatment at a hospital ***owned and operated*** by Defendant Saint Thomas, more specifically Saint Thomas Midtown Hospital." (emphasis added). It appears Plaintiff equated Saint Thomas Health's ownership of Midtown Hospital with liability for Midtown Hospital's alleged conduct. However, the trial court took judicial notice of the fact that Saint Thomas Health and Midtown Hospital are separate corporate entities, and Plaintiff presented no set of facts at trial or on appeal to dispute this fact.

Notably, parent and subsidiary corporations are presumed to be separate and distinct legal entities. *Lowe v. Gulf Coast Dev., Inc.*, No. 01A01-9010-CH-00374, 1991 WL 220576, at *3 (Tenn. Ct. App. Nov.1, 1991); William Meade Fletcher, 13 Fletcher Cyc. Corp. § 26 (perm. ed., rev. vol. 2021). The courts are reluctant to disregard the separate existence of related corporations and thus have consistently given substantial weight to the presumption of corporate separateness. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 651 (Tenn. Ct. App. Dec. 17, 2009). Plaintiff has presented no facts to counter the presumption of corporate separateness. The trial court's Tenn. R. Civ. P. 8.01 particularity ruling is an independent basis for dismissing the complaint; thus, by ignoring this independent ground for dismissal, Plaintiff has waived her right to appeal the trial court's ruling based on Tenn. R. Civ. P. 8.01. Therefore, we find further analysis of the trial court's statute of limitations ruling to be unnecessary; even if this Court found error in that ruling, dismissal of the appellant's action would still be the result.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Candes Prewitt.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 5 -