IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 4, 2023

**JULIE DANIELSON v. KIMBERLY ARMSTRONG**

**Appeal from the Circuit Court for Davidson County**
**No. 22C311   Amanda Jane McClendon, Judge**

_____

**No. M2022-01725-COA-R3-CV**

_____

This appeal concerns the validity and enforceability of an oral loan agreement between former business partners. Because Appellant's brief fails to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Matthew Crigger, Brentwood, Tennessee, for the appellant, Kimberly Armstrong.

Mark Freeman and Katherine Haggard, Nashville, Tennessee, for the appellee, Julie Danielson.

**MEMORANDUM OPINION[1]**

This case involves a dispute between two former business partners as to whether Appellee Julie Danielson and Appellant Kimberly Armstrong entered into a binding loan agreement. Ultimately, after a bench trial in the Davidson County Circuit Court ("the trial

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court"), the trial court found that the parties had indeed entered into a valid and enforceable oral loan agreement. In addition to the testimony of both parties, the court relied on an email from Ms. Armstrong to Ms. Danielson stating, in part, "My intent is to return your 26k . . . ." Based on the evidence presented at trial, judgment was entered in favor of Ms. Danielson. This appeal followed.

Although Ms. Armstrong's appellate brief appears to raise two primary issues for our review, we observe as an initial concern that the argument section of her brief fails to include any citations to the record in support of her argument. The absence of appropriate references to the record constitutes noncompliance with the Tennessee Rules of Appellate Procedure as well as the rules of this Court. Indeed, Rule 27 of the Tennessee Rules of Appellate Procedure mandates that appellate briefs contain, among other things, the following:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> . . . .
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and **appropriate references to the record** (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27 (emphasis added). Moreover, Rule 6 of the Rules of the Court of Appeals of Tennessee states:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. **No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.**

Tenn. Ct. App. R. 6(b) (emphasis added).

Appropriate references to the record help facilitate this Court's review of the arguments made by parties in support of their raised issues, and as we have stated before, noncompliance "with the Rules of Appellate Procedure and the rules of this Court waives

the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In the instant case, because Ms. Armstrong's argument section is entirely devoid of any citations to the record, our ability to review the merits of the contentions made therein is frustrated. In light of Ms. Armstrong's noncompliance with briefing requirements and the impediment it poses to appellate review, we conclude that she has waived her issues on appeal and that the appeal should therefore be dismissed. *See Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed.").

## CONCLUSION

Because we conclude that Ms. Armstrong has waived all her issues on appeal due to her noncompliance with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, the appeal is dismissed.


s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE