IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 2, 2024 Session

**LAURA ADAMS v. TIMOTHY ADAMS, SR.**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC1-2021-CV-228     Adrienne G. Fry, Judge**

_____

**No. M2023-00069-COA-R3-CV**

_____

Laura Adams ("Wife") filed a complaint for divorce in the Circuit Court for Robertson County ("the Trial Court") against Timothy Adams, Sr. ("Husband"). In its final judgment of divorce, the Trial Court determined that real estate in Lawrence County ("Lawrence County property"), purchased by Husband prior to the marriage, was marital property because it had become "inextricably commingled." The Trial Court awarded Wife "40% of the total proceeds" from the Lawrence County property. The Trial Court further awarded Wife the marital residence and any and all equitable interests in the marital residence. Husband has appealed. We affirm the Trial Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Brandi L. Jones, Springfield, Tennessee, for the appellant, Timothy Adams, Sr.

Laura Adams, Greenbrier, Tennessee, Pro Se.

**MEMORANDUM OPINION**[1]

**Background**

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

On September 7, 2021, Wife filed a complaint for divorce in the Trial Court against Husband, raising the following grounds: (1) Husband's inappropriate marital conduct, (2) Husband's cruelty and inhuman treatment, (3) Husband's abandonment, or alternatively, (4) irreconcilable differences. The parties were married on March 2, 2019, and have three children together, born prior to the marriage. A week prior to filing her complaint, Wife obtained an *ex parte* temporary order of protection against Husband in the General Sessions Court for Robertson County ("General Sessions Court").

On October 1, 2021, Wife filed a motion for emergency *ex parte* relief, alleging that Husband had brandished a handgun and fired the weapon through the front windshield of Wife's vehicle while Wife was in the vehicle. Wife stated that the bullet passed right by her right ear. After Husband's arrest, Husband's family reached out to Wife in order to facilitate Husband's release from jail via a bond secured by the marital residence. Wife asked the Trial Court to "impose restrictions from any and all contact — essentially that this Court impose the conditions of the Temporary Order of Protection" and to "grant immediate relief from Husband and/or Husband's family from encumbering the parties' real estate." The Trial Court granted Wife's motion and entered an *ex parte* order of protection, enjoining Husband from contacting Wife or their three children and from encumbering the parties' real estate.

After Wife filed a motion for default judgment, Husband filed an answer to the divorce complaint on November 1, 2021. Husband counterclaimed for divorce, alleging grounds of Wife's inappropriate marital conduct and adultery, or alternatively, irreconcilable differences.

A trial was held on September 13, 2022. Wife and Husband were the only witnesses. Wife testified that she wished to continue residing in the marital residence or to be able to sell the home. She questioned whether she could maintain the mortgage. She requested that she be awarded all of the equity in the home. With respect to the Lawrence County property, Wife did not dispute that Husband had paid for the property out of his retirement account in 2015, prior to the marriage. She explained that it was used as a rental property and that rental income was "deposited into accounts; sometimes it was just cash, which was then spent, groceries, gas, kids, sports. I mean, just whatever was needed for the family." She further testified that, in the past, she would "go down there" with Husband to check on the property and that she had paid taxes on the property online. She also explained that they paid the property taxes with funds from their joint account.

Husband testified that he purchased the Lawrence County property in 2015. He could not remember Wife paying any costs related to the property and only recalled that she went to the property once with him. He further testified that his uncle had paid the property taxes for the property in 2020 and 2021. He also stated that he earned only $600 in rental income from the property, which he put back into the house in the form of repairs.

- 2 -

In a final judgment of divorce, entered on December 13, 2022, the Trial Court determined that the Lawrence County property had become "inextricably commingled" and deemed it marital property. As to the Lawrence County property, the Trial Court awarded Husband 60% of the "total proceeds" and Wife 40% of the "total proceeds" and found that this was an equitable division. The Trial Court further awarded Wife the marital residence and all of the equity therein. Husband timely appealed.

## Discussion

Although not stated exactly as such, Husband raises the following issues on appeal: (1) whether the Trial Court erred in awarding Wife the marital residence and all the equity therein and (2) whether the Trial Court erred in classifying the Lawrence County property as marital property and awarding a portion to Wife. However, Husband did not include a Rule 7 table in or appended to his appellate brief.

Rule 7 of the Rules of the Court of Appeals of Tennessee provides in relevant part:

(a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

This Court has previously explained the importance of Rule 7 and its application when a party fails to comply with the rule:

Therefore, "in all cases where a party takes issue with the classification and division of marital property, the party must include in its brief a chart displaying the property values proposed by both parties, the value assigned by the trial court, and the party to whom the trial court awarded the property." *Akard v. Akard*, No. E2013-00818-COA-R3CV, 2014 WL 6640294, at *4 (Tenn. Ct. App. Nov. 25, 2014).

We previously have held that "where an appellant fails to comply with this rule, that appellant waives all such issues relating to the rule's

- 3 -

requirements." *Stock v. Stock*, No. W2005-02634-COA-R3-CV, 2006 WL 3804420, at *5, n.3 (Tenn. Ct. App. Dec. 28, 2006). This Court succinctly explained the importance of the requirements of Rule 7 in *Harden v. Harden*:

> [I]t is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7, allows this Court to easily and correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table, allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as well as the evidence in the record which the party believes supports its contention. Consequently, a table, in full compliance with Rule 7, is vital as this Court must consider the *entire* distribution of property in order to determine whether the trial court erred. Moreover, this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or that the distribution may be improper.

> No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010) (citations omitted).

*Kanski v. Kanski*, No. M2017-01913-COA-R3-CV, 2018 WL 5435402, at *6 (Tenn. Ct. App. Oct. 29, 2018).

In *Kanski v. Kanski*, this Court found that the husband had waived "issues related to the classification, valuation, and division of the marital property and debt" due to his failure to include a Rule 7 table in his principal appellate brief. *Id.* at *7. "This Court has repeatedly held that the failure to comply with Rule 7 results in waiver of 'all issues relating to the rule's requirements.'" *Hopwood v. Hopwood*, No. M2015-01010-COA-R3-CV, 2016 WL 3537467, at *6 (Tenn. Ct. App. June 23, 2016) (quoting *Forbess v. Forbess*, 370 S.W.3d 347, 354 (Tenn. Ct. App. 2011)) (in turn quoting *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010)); *see also Greene v. Greene*, No. M2022-01171-COA-R3-CV, 2023 WL 6619209, at *2 (Tenn. Ct. App. Oct. 11, 2023) ("[C]ompliance with Rule 7 is mandatory, and the failure to comply with the specific requirements of the Rule generally will result in waiver of issues regarding the trial court's division of property.").

We acknowledge that we may suspend the requirements of Rule 7 for "good cause", *see* Tenn. R. Ct. App. 1(b); however, we discern none here and elect not to suspend the requirements of Rule 7. *See Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) ("[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court.").

Husband's two issues on appeal involve issues of classification and division of property, issues that fall squarely within the parameters of Rule 7. We accordingly find that Husband has waived the only two issues on appeal by failing to comply with Rule 7, and we affirm the Trial Court's judgment.

### **Conclusion**

We affirm the Trial Court's judgment, and this cause is remanded to the Trial Court for collection of costs below. Costs on appeal are assessed against appellant, Timothy Adams, Sr., and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE