FILED
02/20/2025
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

**MICHAEL DINOVO, JR. ET AL. v. KENNETH BINKLEY ET AL.**

**Circuit Court for Davidson County**
**No. 16C121**

_____

**No. M2023-00345-SC-R11-CV**
_____

**ORDER**

Michael DiNovo, Jr., brought this tort action seeking compensation for injuries he allegedly suffered from an explosion at a biodiesel facility owned and operated by Southern Energy Company, Inc. DiNovo acknowledges that he previously received workers' compensation benefits as part of a settlement with Southern and that such benefits are ordinarily an employee's exclusive remedy for work-related injuries. DiNovo nevertheless argues that he is entitled to pursue this tort action because he was working as an independent contractor at the time of the accident and that Southern fraudulently induced him into thinking he was an employee to avoid additional liability.

The Davidson County Circuit Court granted summary judgment to Southern, concluding that DiNovo could not recover in tort because he previously conceded as part of the workers' compensation matter that he was a Southern employee rather than an independent contractor. DiNovo appealed to the Court of Appeals, arguing that genuine issues of material fact exist regarding whether Southern fraudulently induced him into thinking he was an employee. The parties, through counsel, filed extensive briefs in the Court of Appeals and presented oral argument.

A divided Court of Appeals panel issued an opinion declining to consider DiNovo's arguments on the merits. Although DiNovo included record citations for the relevant facts in the statement of the case and statement of facts sections of his brief, the panel majority concluded that DiNovo waived his arguments on appeal by not repeating the citations in the argument section. *See* Tenn. R. App. P. 27(a)(7) (requiring appellant's brief to contain an argument section "with citations to the authorities and appropriate references to the record"); Tenn. Ct. App. R. 6(a)(4), (b) (requiring briefs to include appropriate record citations in argument). Judge Usman dissented, concluding that the panel should consider

1

DiNovo's arguments on the merits despite the omitted citations. DiNovo unsuccessfully sought rehearing in the Court of Appeals and now seeks this Court's review.

Upon consideration of DiNovo's application for permission to appeal, Southern's response, and the record before us, we conclude that the Court of Appeals' opinion is inconsistent with Tennessee's longstanding policy favoring resolution of cases on the merits. Accordingly, we grant DiNovo's application, vacate the Court of Appeals' judgment, and remand for further consideration consistent with this Order.

Appellate litigants have an obligation to file briefs that comply with all applicable rules, including the rules requiring record citations in both the statement of facts and argument sections of the brief. *See* Tenn. R. App. P. 27(a)(6), (7); Tenn. Ct. App. R. 6(a)(4), (b). But this Court has repeatedly emphasized that the overall intent of the appellate rules is "to disregard technicality in form in order to determine every appellate proceeding on its merits." *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024). "A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice." *Johnson v. Hardin*, 926 S.W.2d 236, 238–39 (Tenn. 1996). Given "the importance of applying the Rules of Appellate Procedure to reach a just result," *Trezevant*, 696 S.W.3d at 531, Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process, *see* Tenn. R. App. P. 2 (giving appellate court discretion to suspend rules); Tenn. Ct. App. R. 1(b) (same for Court of Appeals rules).

We conclude that the Court of Appeals unreasonably declined to consider DiNovo's appeal based on his failure to repeat record citations in the argument section of his brief. DiNovo's 47-page opening brief contained extensive citations to the record in the statement of the case and statement of facts sections. Although DiNovo did not repeat those citations in the argument section of his brief, that deficiency did not impede the appellate process. Southern did not argue that DiNovo's brief was deficient in any way. Instead, Southern filed a thorough responsive brief, illustrating that it knew exactly what DiNovo was arguing and the factual and record bases for his arguments. Likewise, at oral argument, the lawyers and judges engaged in an active and fact-intensive discussion about the parties' arguments. Neither Southern nor the judges expressed any concern about DiNovo's brief or their ability to understand and locate the factual bases for DiNovo's arguments.

In these circumstances, the Court of Appeals should have disregarded the technical deficiency with DiNovo's brief and considered his arguments on the merits. DiNovo's failure to repeat his record citations in the argument section of his brief did not prejudice Southern or otherwise frustrate the Court of Appeals' ability to conduct meaningful appellate review. At the very least, the Court of Appeals should have given DiNovo an opportunity to file a corrected brief containing the omitted citations rather than simply

consider all his arguments waived with no notice to the parties. *See State v. Bristol*, 654 S.W.3d 917, 923–29 (Tenn. 2022).

The panel majority cites *Bean v. Bean*, 40 S.W.3d 52 (Tenn. Ct. App. 2000), for the proposition that "[c]ourts have routinely held that the failure to make appropriate references to the record . . . in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Id.* at 55. But those cases usually involve egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal. In *Bean*, for example, the appellant's brief contained "numerous deficiencies," including a perfunctory statement of the case, a statement of facts that did not describe the facts of the case, and a "woefully deficient" and "egregious" argument section that did not address all the issues or provide any citations to the record or to relevant legal authority. *Id.* at 55–56.

In contrast, appellate courts have appropriately soldiered on to consider a party's arguments when, as here, the party's brief simply fails to repeat record citations in the argument section that are readily available in earlier sections. *See, e.g.*, *State v. Thompson*, No. M2023-00051-CCA-R3-CD, 2024 WL 42383, at *6 (Tenn. Crim. App. Jan. 4, 2024); *In re Carlee A.*, No. W2020-01256-COA-R3-PT, 2022 WL 225640, at *10 (Tenn. Ct. App. Jan. 26, 2022); *State v. Mitchell*, No. E2020-01689-CCA-R3-CD, 2021 WL 4768160, at *4 (Tenn. Crim. App. Oct. 13, 2021); *Voigt v. Plate*, No. E2016-00473-COA-R3-CV, 2017 WL 776093, at *5 (Tenn. Ct. App. 2017); *State v. Jones*, No. W2012-00301-CCA-R3-CV, 2013 WL 772782, at *9 (Tenn. Crim. App. 2013); *State v. Bean*, No. M2006-02308-CCA-R3-CD, 2007 WL 4116500, at *2 (Tenn. Crim. App. 2007).

The panel majority's order denying rehearing also cites *Bean* for the proposition that "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." 40 S.W.3d at 54–55. Our Court, however, has never immunized courts from appellate review when they decline to consider an appeal because of a briefing deficiency. To the contrary, courts always must reasonably exercise their discretion in this context, keeping firmly in mind Tennessee's longstanding policy favoring resolution of appeals on the merits. *See, e.g.*, *Trezevant*, 696 S.W.3d at 530.

Because the Court of Appeals did not appropriately exercise its discretion in this case, we grant DiNovo's application, vacate the Court of Appeals' judgment, and remand the case to the Court of Appeals with instructions to consider DiNovo's appeal on the merits. We express no opinion on the merits of DiNovo's underlying claims or arguments. The costs of this appeal are taxed to the Appellee Southern Energy Company, Inc., for which execution may issue if necessary.

This Order is designated for publication pursuant to Tennessee Supreme Court Rule 4.

PER CURIAM