IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 2, 2016

**TOM SEATON v. MONA JOHNSON**

**Appeal from the Circuit Court for Washington County**
**No. 34772     Jean A. Stanley, Judge**

_____

**No. E2015-02467-COA-R3-CV-FILE - SEPTEMBER 28, 2016**

_____


The appellee brought a detainer warrant against the appellant. The general sessions court granted the warrant and the appellant appealed to the circuit court, but did not post the required bond. The circuit court dismissed the case and the appellant appealed. We find that appellant's brief does not meet the argument and citation requirements of Tenn. R. App. P. 27(a)(7) and, therefore, consider appellant's issues waived. The circuit court's decision is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, P.J., W.S., joined.

M. Stanley Givens, Johnson City, Tennessee, for the appellant, Mona Johnson.

Anthony A. Seaton, Johnson City, Tennessee, for the appellee, Tom Seaton.

**OPINION**

This case begins on June 30, 2015 with Tom Seaton's filing of a detainer warrant in the General Sessions Court of Washington County against Mona Johnson, seeking possession of real property located at 611 West Walnut Street in Johnson City, Tennessee. Johnson acquired a temporary restraining order prohibiting the court from giving Seaton possession of the property. However, according to a letter from Seaton's attorney to Johnson found in the record, that temporary restraining order expired and a hearing was held on September 2, 2015. Also according to the letter, the general sessions judge granted possession to Seaton. Johnson filed a notice of appeal on September 8, 2015.

On September 28, 2015, Seaton filed a motion for Johnson to file a bond pursuant to Tenn. Code Ann. § 29-18-130(b)(1). Johnson's response to the motion for a bond was to allege that she had, during the summer, filed a case against Seaton and others in the Chancery Court of Washington County "styled *Mona L. Johnson vs. Bank of America, N. A., et al*, Civil Action No. 43133,"[1] alleging "wrongful foreclosure, bad faith, breach of contract, overreaching and violations of the Tennessee Consumer Protection Act." The previously mentioned restraining order, according to Johnson's response, was granted in the chancery court case.[2] This case, according to Johnson's response, was delayed by a removal to federal court and then a pending remand back to the Washington County Chancery Court. Seaton's motion for summary judgment was alleged to be pending in that case. Johnson's response to Seaton's motion for the filing of a bond concluded by stating that the appeal before the circuit court was moot,

> because the original cause of action brought in Sessions Court was not properly brought in that Court. And the other issues presented by Plaintiff Tom Seaton's motion as to rents and mortgage payments are properly before either the United States District Court or the Washington County Chancery Court. And, that being the case, this cause of action should be dismissed.

The circuit court held a hearing on October 14, 2015, and in an order filed on October 28, 2015, stated: "Upon motion of the plaintiff and after hearing testimony from Mona Johnson that she was collecting $1,500 per month in rent, the court is of the opinion that Tennessee law requires a bond in the amount of $36,000.00."

On November 20, 2015, Johnson filed a motion to dismiss or, in the alternative, motion to reduce the bond. In the motion, Johnson reiterated and expanded on the information about the chancery court lawsuit and again maintained that Seaton's motion for summary judgment was pending in that case. She argued that:

> [I]f Mona Johnson's cause of action is successful in Chancery Court, Mr. Seaton would have no rights against either Mrs. Johnson or the real property in question. He would have no right to evict her and no right to a judgment for possession as already granted by the Sessions Court.

She again maintained that the issues regarding the appeal bond were moot because the action was not properly brought in that Court.

As to the bond, Johnson stated that she had made a good faith effort to obtain the

---

[1] A copy of the complaint is attached to the response.

[2] A copy of the temporary restraining order is attached to the response.

- 2 -

bond, but was unable to do so.  She noted that Tenn. Code Ann. § 29-18-130(b)(1) required "double the value of one year's rent of the premises." She argued that such a large bond was not necessary because the court had set the trial for January 27, 2016 and suggested that a bond for the rental value of the property to that date was sufficient to protect Seaton.

On December 17, 2015, the circuit court judge denied the motion to dismiss and the alternative motion to reduce the bond, simply stating that they "were not well taken and should not be granted." Subsequently, on December 18, 2015, the court entered an order that stated:

> [T]he Defendant shall be granted an additional fifteen (15) days to make the bond. In the event that the bond is not made as determined by the Circuit Court Clerk, by December 18, 2015, this case is dismissed with prejudice; the Judgment of the General Sessions Court is reinstated, and this case is remanded to the General Sessions Court for execution of its Judgment, *inter alia*, issuance and execution of a writ of possession to place Plaintiff in possession of the Property.

A writ of possession was issued on December 28, 2015. Johnson filed a notice of appeal on December 21, 2015.  Johnson filed a three-page statement of the evidence on March 18, 2016. No objections to the statement of the evidence appear in the record.

## ANALYSIS

Johnson maintains that the circuit court had no authority over the ownership of the real property once the dispute was properly before the chancery court.  Her brief reiterates the previously discussed facts.  She offers no legal argument beyond the conclusion that "this cause of action was not properly before this Circuit Court because the Wrongful Detainer Action should not have been decided by the General Sessions Court in the first place."  As all appellate practitioners should know, Tenn. R. App. P. 27(a) contains requirements for appellate briefs. Some of those requirements are set forth in subsection (a)(7), which states that the appellant's brief must contain:

> An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review

- 3 -

(which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).

TENN. R. APP. P. 27(a).

In her less than two-page argument, Johnson offers no legal theory and no citations to legal authority to support her conclusion. It is not the appellate court's job to provide Johnson with a legal theory. Nor is it our job to find cases or statutes to support that theory. We do not act as her lawyer or as her legal resource. That is her job and the job of her attorney. We are "under no duty to verify unsupported allegations in a party's brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000). "The failure of a party to cite to any authority or to construct an argument regarding his position on appeal constitutes waiver of that issue." *Newcomb v. Kohler Co*., 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006). Therefore, we consider Johnson's issue concerning the authority of the circuit court waived.

Johnson also maintains that requiring her to pay a $36,000 bond as a condition for appealing is "tantamount to denying her the right to appeal the decision at all." Her two and one-half pages on this matter are no better than the argument on her first issue. She presents conclusions with no legal support.[3] Again, we must conclude that the brief on this issue fails to meet the requirements of Tenn. R. App. P. 27(a)(7). Therefore, the issue is waived.

CONCLUSION

The decision of the circuit court is affirmed. Costs of appeal are assessed against the appellant, Mona Johnson, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[3] She admits that at the December 2, 2015 hearing regarding her motion to reduce the amount of the bond, "[n]o testimony was offered and no evidence was presented by either party."

- 4 -