# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 19, 2018 Session

## HERSHEL SANDERS ET AL. V. FIRST TENNESSEE BANK NATIONAL ASSOCIATION ET AL.

**Appeal from the Circuit Court for Cumberland County**
No. CV005540      Amy V. Hollars, Judge

_____

**No. E2017-01814-COA-R3-CV**

_____

The plaintiffs, Hershel Sanders and his wife, Alma Sanders, secured a construction loan from the defendant, First Tennessee Bank, N. A., for the purpose of building a home in Cumberland County.  The first contractor hired by the plaintiffs did not complete the construction in a timely fashion. At the urging of First Tennessee Bank, the plaintiffs dismissed the original contractor and hired a new one, who finished the job.  The bank refused to make the plaintiffs a permanent loan.  Ultimately, the property went into foreclosure.  The plaintiffs sued the bank and others, alleging various theories of recovery. The case proceeded, but only as to one defendant – First Tennessee Bank – and only as to one theory, *i.e.*, breach of contract to make the plaintiffs a permanent loan. First Tennessee Bank filed a motion to dismiss and for judgment on the pleadings.  The trial court held that, since there is no written agreement signed by First Tennessee Bank reflecting a promise by it to make the plaintiffs a permanent loan, the plaintiffs' suit is barred by the Statute of Frauds, Tenn. Code Ann. § 29-2-101 (2012). The trial court also granted the bank's motion on another ground.  The plaintiffs appeal.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Hershel Sanders and Alma Sanders, Cumberland County, Tennessee, appellants, pro se.

Kristine L. Roberts and Samuel P. Strantz, Memphis, Tennessee, for the appellee, First Tennessee Bank National Association.

# OPINION

## I.

The plaintiffs did not file a "brief" as that document is described in Tenn. R. App. P. 27. Instead, they filed a copy of their amended complaint (a copy of which was already in the technical record); some documents with exhibit stickers attached (*i.e.*, exhibit B, C, and D), without any indication as to what these documents were exhibits to; and other documents. There is no table of contents, no table of authorities, no statement of the issues presented for review, no statement of the case, no statement of facts, and no argument. There is no narrative of any kind explaining how the documents filed by them establish that the trial court erred in its decision granting the bank's motion.

Individuals who choose to represent themselves are proceeding subject to the following guidance:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, *the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.*
>
> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.
>
> *Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.* They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (citations omitted; emphasis added).

Judged by the well-established principles set forth in **Young** and many other appellate decisions, the "brief" of plaintiffs is woefully inadequate. It is not really a brief at all. Based upon the failure to file a real brief, we could dismiss their appeal without further ado. *See **King v. Wilson & Assocs., PLLC***, No. M2012-01902-COA-R3CV, 2013 WL 4726763, at *2 (Tenn. Ct. App. Aug. 30, 2013), **Bean v. Bean**, 40 S.W.3d 52, 54–55 (Tenn.Ct.App.2000); **Lucas v. Lucas**, No. 03A01–9707–CV–00298, 1998 WL 136553, at *1 (Tenn.Ct.App. Mar. 27, 1998). In our discretion, we elect not to do that. We now move to the substantive reasons that the plaintiffs' appeal is without merit.

## II.

Tenn. R. Civ. P. 10.03 states as follows:

> Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit…

The plaintiffs failed to attach to their submission, a written document reflecting the alleged promise of the bank. This is a clear violation of Rule 10.03. Furthermore, the Statute of Frauds, Tenn. Code Ann. § 29-2-101(b)(1), is a complete bar to the plaintiffs' claim:

> No action shall be brought against a lender or creditor upon any promise or commitment to lend money or to extend credit, or upon any promise or commitment to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit, unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the lender or creditor, or some other person lawfully authorized by such lender or creditor.

There is no such writing in this case. No written agreement means "[n]o action shall be brought." The plaintiffs' claim is barred

## III.

Exercising our discretion, we decline the bank's request for frivolous appeal damages.

## IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Hershel Sanders and Alma Sanders. Case remanded to the trial court for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE