IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2018

## COURTNEY PARTIN v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Lake County**
**No. 17-CV-94    Tony Childress, Chancellor**

_____

### No. W2018-00933-COA-R3-CV

_____

Following adverse disciplinary proceedings against him while in prison, Appellant filed a petition for common law writ of certiorari in Chancery Court. The Chancery Court later dismissed the case upon determining that the petition for certiorari was not timely filed. Because Appellant was released from prison during the pendency of this appeal, we vacate the trial court's order and remand the case for the entry of an order dismissing the petition due to mootness.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Courtney Partin, LaFollette Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Torrey E. Samson, Assistant Attorney General, for appellee, Tennessee Department of Correction.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On October 26, 2017, the Appellant in this matter, Courtney Partin ("Mr. Partin"), filed a petition for common law writ of certiorari in the Lake County Chancery Court. Mr. Partin indicated therein that he was an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee and that he was seeking judicial review of certain disciplinary proceedings that had been brought against him. According to his petition, which named the Tennessee Department of Correction ("the Department") as Respondent, the outcome from the disciplinary proceedings against him included "punitive segregation" and a six-month package restriction.[2] Mr. Partin alleged that the disciplinary charges against him were not warranted, and he contended that the "NWCX Disciplinary Board Deviated From Complying With The Tennessee Department of Correction Uniform Disciplinary Procedures By Failing To Follow Its Own Rules And Procedures [and] Substantially Prejudiced The Outcome Of His Hearing."

Despite pursuing judicial relief, Mr. Partin did not regard his efforts as technically timely. Indeed, contemporaneous to the filing of his petition for a writ of certiorari on October 26, 2017, Mr. Partin, proceeding *pro se*, filed a "Notice of Reasons for the Application of Equitable Tolling to be Applied Excusing the Delay in Timely Filing the Petition for Writ of Certiorari." Through that document, Mr. Partin stated that, although he was required to file his petition for writ of certiorari on or before September 26, 2017, he noted that he had previously filed a petition for a writ of habeas corpus on September 21, 2017, *within* the statute of limitation period, and that the habeas petition had been dismissed on October 5, 2017. Relying on these facts and pointing to alleged authority in *Norton v. Everhart*, 895 S.W.2d 317 (Tenn. 1995), Mr. Partin claimed the October 26, 2017 filing of his petition was authorized. The Department subsequently moved to dismiss Mr. Partin's action on several bases, including his failure to timely file within the jurisdictional deadline applicable to writs of certiorari. The trial court ultimately found agreement with the Department's jurisdictional argument, and by order entered on April 6, 2018, it dismissed Mr. Partin's case based on his "fail[ure] to file his petition for a writ of certiorari in a timely manner." This appeal followed.

Although Mr. Partin's brief does not contain a "statement of the issues presented for review," *see* Tenn. R. App. P. 27(a)(4), ostensibly he challenges the trial court's determination that his petition was not timely filed.[3] We need not reach the propriety of

---

[2] Although not supported by any citation to the record, Mr. Partin's brief on appeal also states that early release credits were taken from him.

[3] In addition to not presenting a clear issue for review by way of a "statement of the issues" section, Mr. Partin's brief, which spans only two pages in length, is noncompliant in many other respects. There are, for instance, no citations to the record to support his various factual assertions. *See* Tenn. R. App. P. 27(a)(6) (noting that the appellant's brief shall set forth the facts relevant to the issues presented for review "with appropriate references to the record"). Although we recognize Mr. Partin is proceeding *pro se*, "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (citation omitted).

that particular determination. As explained below, it appears that this case is no longer justiciable.

Although Mr. Partin seeks to clear his disciplinary record based on alleged defects in the disciplinary procedures employed against him, his brief acknowledges that he was released from custody during the pendency of this appeal, on July 6, 2018. This fact militates against further judicial involvement in Mr. Partin's case because the matters he seeks to address are now moot.

"A moot case is one that has lost its character as a present, live controversy." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citations omitted). "The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *Id.* (citation omitted). As a general matter, a case will be considered moot if it no longer serves as a way to provide relief. *Id.* (citations omitted).

Previously, this Court has determined that a prisoner's release from custody mooted the prisoner's challenge to the disciplinary proceedings that affected the terms of the prisoner's imprisonment. *See Easley v. Britt*, No. M1998-00971-COA-R3-CV, 2001 WL 1231516, at *2-3 (Tenn. Ct. App. Oct. 16, 2001) (holding that prisoner's release mooted the prisoner's challenge that the disciplinary board had acted arbitrarily and capriciously). The reasoning underpinning such a conclusion is that challenges to the disciplinary proceedings affecting the terms of imprisonment have no significance once an individual is no longer imprisoned. *See id.* at *3 (noting that the relief sought by the petitioner could no longer have any practical effect on his present rights now that he was "back in free society"). As in *Easley*, we find that Mr. Partin's case is moot given his release from custody.

"The ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment and remand the case with directions that it be dismissed." *McIntyre*, 884 S.W.2d at 138 (citations omitted). Accordingly, in light of our discussion herein, we vacate the trial court's order and remand the case with instructions that Mr. Partin's petition be dismissed on the ground of mootness.

_____
ARNOLD B. GOLDIN, JUDGE

---

Although we have ultimately determined that this case is no longer justiciable, the deficiencies in Mr. Partin's brief would technically present an independent basis upon which we might abstain from appellate review. *See, e.g.*, *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) ("Because of the numerous deficiencies in Appellant's brief, we decline to address the issues raised.").