IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 18, 2022 Session

## APRIL HAWTHORNE v. MORGAN & MORGAN NASHVILLE, PLLC, ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-191232      Jim Kyle, Chancellor**

_____

**No. W2021-01011-COA-R3-CV**
_____

This is an appeal following the trial court's dismissal of a legal malpractice complaint predicated upon actions allegedly taken by the Defendants in connection with a prior class action proceeding. In light of its dismissal of the Plaintiff's complaint, the trial court ruled that a "derivative" third-party complaint asserted by the Defendants should also be dismissed. Whereas the Plaintiff challenges the dismissal of her complaint, the Defendants submit that, if the order dismissing the Plaintiff's complaint is reversed, the order dismissing their third-party complaint should also be reversed. For the reasons stated herein, we reverse, in part, the dismissal of the Plaintiff's claims, reverse the dismissal of the third-party complaint, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed in Part, Reversed in Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

John Timothy Edwards, Memphis, Tennessee, for the appellant, April Hawthorne.

Darrell G. Townsend, Nashville, Tennessee, for the appellees, Kathryn Elaine Barnett, Morgan & Morgan Nashville, PLLC, Morgan & Morgan Nashville Management, Inc., John Bryan Morgan, and Morgan & Morgan, P.A.

Robert A. Cox, Memphis, Tennessee, for the appellees, Frank Lee Watson, III, William F. Burns, and Watson Burns, PLLC.

Marty R. Phillps and Dale Conder, Jr., Jackson, Tennessee, for the appellees, The Cochran Firm Memphis, Samuel Cherry, Jr., and Howard B. Manis.

James Edward Blount, IV, Collierville, Tennessee, for the appellee, Blount Law Firm, PLLC.[1]

Lauren Paxton Roberts and Ashley Goins Alderson, Nashville, Tennessee, for the appellee, Nahon, Saharovich & Trotz, PLC.

James Andrews, Knoxville, Tennessee, Pro se.[2]

## OPINION

This is a proposed class action lawsuit pertaining to actions allegedly taken by attorney Kathryn Barnett and others in connection with prior class action litigation concerning the Galilee Memorial Gardens cemetery. In the prior class action case ("the Galilee Class Action"), Ms. Barnett served as lead counsel for a class that alleged several defendant funeral homes had wrongfully abandoned the remains of the class' deceased loved ones at the cemetery. *See Wofford v. M.J. Edwards & Sons Funeral Home Inc.*, 528 S.W.3d 524, 527 (Tenn. Ct. App. 2017) (affirming trial court's decision granting class certification in the Galilee Class Action). Under the operative complaint in the present case, which is brought by Plaintiff April Hawthorne, a member of the Galilee Class Action class, it is generally alleged that Ms. Barnett and attorney John Morgan, along with their corporate affiliates, refused to entertain and respond to over $14,475,000.00 in settlement offers made by the funeral home defendants during the pendency of the Galilee Class Action. In addition to contending that the Defendants ignored reasonable settlement offers, the complaint submits that the Defendants "rejected settlement offers at or close to policy limits on the illogical claim that unrelated defendants had agreed to pay more per body," that the Defendants failed to properly consider each funeral home defendant's ability to pay, that the Defendants "rejected settlement offers on the illogical and grossly flawed grounds that . . . an unnamed party[] would pay for any judgment as the alter ego" of one of the funeral home defendants, and that the Defendants failed and refused to even communicate settlement offers to the class representatives in the Galilee Class Action. In seeking relief amidst this alleged factual backdrop and alleged failures in oversight in relation thereto, the complaint specifically sets forth claims for legal malpractice, breach of fiduciary duties, negligent supervision, aiding and abetting breach of fiduciary duty, and punitive damages.

Following the filing of the complaint, the Defendants filed a motion to dismiss, touting various bases allegedly supporting dismissal of the lawsuit brought against them. Later, the Defendants filed their "Third-Party Complaint" seeking relief against individual attorneys and law firms also alleged to have been involved in the Galilee Class Action.

---

[1] This party did not participate in the appeal.
[2] This party did not participate in the appeal.

- 2 -

Among other things, the Defendants' filing contends that "[i]n the event of judgment in favor of the plaintiff or any plaintiff class, then these Third-Party Plaintiffs will be entitled to judgment against each of the Third-Party Defendants for contribution or indemnity." The trial court ultimately granted the Defendants' motion to dismiss, ruling that "[o]n the basis of [the facts in the Plaintiff's complaint], and in further consideration of all inferences reasonably to be drawn from those facts, the Court is of the opinion that the . . . complaint has failed to state a claim upon which relief can be granted." Subsequently, the trial court dismissed the Defendants' third-party complaint upon noting that it was "derivative of Plaintiff's claims." This appeal followed.

"We review a trial court's resolution of a motion to dismiss de novo with no presumption of correctness." *Woodruff by & through Cockrell v. Walker*, 542 S.W.3d 486, 493 (Tenn. Ct. App. 2017). "A Rule 12.02(6) motion tests 'only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.'" *Id.* (quoting *Webb. v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). Here, insofar as we can discern from the dismissal order, the trial court simply concluded that the Plaintiff's complaint should be dismissed because, even accepting its allegations as true and giving the Plaintiff the benefit of all reasonable inferences from these facts, such facts and inferences did not give rise to a legal claim. Moreover, we observe that during the hearing on the motion to dismiss, the trial court judge remarked, "I don't see how there is . . . a lawsuit out of what happened," after which the following colloquy between the Plaintiff's counsel and the court ensued:

> [Counsel for the Plaintiff]: Well, I just want to understand, not . . . trying to change the Court's mind at all, I assume you're stating, assuming all the factual allegations are true, we simply don't, Your Honor believes, don't state a cause of action. Because there are a number of legal arguments they talk about, equitable estoppel and things like that, I assume you're not ruling on that, you're just saying assuming the allegations and an offer of settlement was made and that was not considered, that doesn't rise to the level of [a] legal malpractice claim.

> The Court: I would say to you . . . that's a fair way of putting it, quite frankly, Counselor[.]

Having considered the matter on appeal, we respectfully disagree with the trial court and hold that claims for legal malpractice and breach of fiduciary duties are sufficiently well-pleaded in the complaint. It is not exactly clear why the trial court was of the opinion that the Plaintiff's allegations do not rise to the level of actionable conduct, but it appears clear to this Court that the Plaintiff has pled facts implicating valid legal theories. Indeed, the Plaintiff has accused the class counsel in the Galilee Class Action of having acted recklessly, by among other things, ignoring settlement offers and rejecting them on illogical bases, and of having failed to carry out fundamental obligations owed to

- 3 -

represented clients, namely not communicating the fact that settlement offers had been made. Of course, the Plaintiff has asserted that damages resulted from class counsel's failures to act upon the settlement offers such that actual settlements could be achieved.

We also conclude that the claim for punitive damages was sufficiently pled and note that the complaint submits that the Defendants' actions were, among other things, "at the bare minimum, reckless." We, therefore, reverse the trial court's dismissal of the legal malpractice, breach of fiduciary duties, and punitive damages claims.[3]

In light of our partial reversal of the trial court's dismissal of the Plaintiff's complaint, we hold that the trial court's dismissal order of the Defendants' third-party complaint should be reversed as well. Although the third-party Defendants who have participated on appeal have argued against such action, raising many arguments concerning the merits of the Defendants' pleading, we observe, as the Defendants have emphasized, that the trial court dismissed the third-party complaint simply because it was "derivative." The dismissal was a corollary to the court's adjudication of the Plaintiff's complaint, and the substance or relative merits were not otherwise considered outside of the "derivative" conclusion.[4] Indeed, in connection with its oral ruling concerning the Plaintiff's complaint, the trial court commented that "all the other matters that have been pending before the Court are moot," and this view was effectively reinforced when the trial court dismissed the third-party complaint as derivative. As the trial court noted at that time, "The [order dismissing the Plaintiff's complaint] was intended to finally dispose of this case in its entirety. However, [the order dismissing the Plaintiff's complaint] did not specifically reference the Defendants' Third-Party Complaint, which is derivative of Plaintiff's claims and contingent upon Plaintiff obtaining a judgment against Defendants on the counts set forth in the [complaint]."

In light of the above discussion, the judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for further proceedings as may be necessary

---

[3] As for the asserted claims for aiding and abetting breach of fiduciary duty and negligent supervision, which were dismissed as part of the court's dismissal of all claims made by the Plaintiff, we conclude that any issue with respect to these claims has been waived as a result of inadequate briefing. *See, e.g., Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) [of the Tennessee Rules of Appellate Procedure] constitutes a waiver of the issue."). Although the Plaintiff's principal brief offers a brief narrative in support of the notion that these claims were properly pled, the argument lacks any citation to legal authority concerning the nature of these claims and what is required to establish them. The specific discussion concerning the aiding and abetting breach of fiduciary duty claim contains no citation to any authority whatsoever, and whereas the brief's discussion of the negligent supervision claim references certain rules of professional conduct, no citation to any legal authority concerning the nature of a negligent supervision claim itself is actually provided.

[4] The third-party Defendants are, of course, not precluded from pursuing their concerns about the third-party complaint on remand and seeking a ruling from the trial court on the matter.

and are consistent with this Opinion.

_s/ Arnold B. Goldin_
ARNOLD B. GOLDIN, JUDGE
