# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs December 4, 2023

## MARK RANSOM ET AL. V. LAKEFRONT ESTATES HOMEOWNERS ASSOCIATION, INC.

**Appeal from the Chancery Court for Rhea County**
**No. 19-CV-11265   John Harvey Cameron, Judge**

_____

**No. E2023-00805-COA-R3-CV**

_____

In this real property dispute, the trial court rejected the plaintiffs' assertions that they were entitled to an easement over the land of the defendant. Among other things, the trial court held that an easement was not essential to the beneficial enjoyment of the plaintiffs' land. Although the plaintiffs now appeal, we decline to address their arguments due to their noncompliance with applicable briefing requirements and therefore dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellants, Katherine Ransom and Mark Ransom.

Sam D. Elliott, Chattanooga, Tennessee, for the appellee, Lakefront Estates Homeowners Association, Inc.

## MEMORANDUM OPINION[1]

The plaintiffs/appellants in this matter, Mark and Katherine Ransom ("the Plaintiffs"), commenced the present litigation by filing a complaint for declaratory

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment in the Rhea County Chancery Court ("the trial court"), wherein they requested the trial court to declare their rights "in and to an easement serving real property located in Northern Rhea County, Tennessee . . . ." The Plaintiffs, who noted that they were the owners of a 23.47 acre tract of real estate, stated that the named Defendant, Lakefront Estates Homeowners Association, Inc. ("Lakefront"), was the fee simple owner of an adjacent 5.15 acre tract of real estate. Per the complaint, a common predecessor in title of the parties, Merrilee Bridwell ("Ms. Bridwell"), had conveyed the 5.15 acre tract to Lakefront's immediate predecessor in title, Walt Dickson ("Mr. Dickson"), in May 2006, and the Plaintiffs alleged that they had become fee simple owners of the 23.47 acre tract by way of a conveyance from Ms. Bridwell in December 2018. Further, as evidenced through a quitclaim deed that was attached to the complaint as an exhibit, Lakefront had previously acquired its adjacent tract of real estate from Mr. Dickson in December 2014.

In seeking to establish easement rights over a roadway that traversed Lakefront's property, the Plaintiffs alleged in part that the desired easement was "the only convenient and feasible method of affording access . . . to the lower portion of the Plaintiffs' property and barn area." Further, among other allegations, the Plaintiffs asserted that, at the time Ms. Bridwell had transferred the 5.15 acre tract to Mr. Dickson, she had relied upon a representation from Mr. Dickson that an easement would exist over the small section sold to him to the remainder of her property. Subsequent to the filing of the Plaintiffs' complaint, Lakefront filed a counterclaim seeking a declaration that the Plaintiffs had no right to any easement. According to Lakefront, the Plaintiffs had "other reasonable and practicable modes of ingress and egress into their property."

Following a bench trial, the trial court entered a judgment in favor of Lakefront by dismissing the Plaintiffs' complaint and granting Lakefront relief pursuant to its counterclaim. As part of the basis for its decision, the trial court referred to evidence that showed other means of access to the Plaintiffs' land was available, specifically concluding that an easement across the servient estate was "not essential to the beneficial enjoyment of the [Plaintiffs'] land." The trial court further held, among other things, that there was no proof that Lakefront had made any misrepresentations of any kind to the Plaintiffs that they relied on.

The Plaintiffs now appeal to this Court and request that we reverse the trial court and hold that they have a permanent easement for ingress and egress based upon theories of easement by implication and necessity, as well as easement by estoppel. Although the Plaintiffs specifically raise two issues in pursuit of such relief on appeal, we do not reach the merits of their issues due to their noncompliance with applicable briefing requirements imposed by the rules of appellate procedure and the rules of this Court. Whereas Rule 27 of the Tennessee Rules of Appellate Procedure requires, among other things, that an appellant's brief include an argument section containing a statement of the applicable standard of review for each issue as well as the reasons the trial court's decision is incorrect, and further in part requires that the argument include "appropriate references to the record

. . . relied on," Tenn. R. App. P. 27(a)(7),  Rule 6 of the Rules of the Court of Appeals of Tennessee requires that written argument in regard to each appellate issue contain, among other things, "[a] statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found," Tenn. Ct. App. R. 6(a), and also further provides that no assertion of fact will be considered on appeal "unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." Tenn. Ct. App. R. 6(b).  Here, aside from the fact that there is no statement of the standard of review for each issue in connection with the Plaintiffs' offered argument, we observe that the argument section of the Plaintiffs' brief is entirely devoid of any citations to the record in support of the assertions made therein.  For instance, in support of their first raised issue as to their supposed entitlement to an easement "by implication and necessity," the Plaintiffs present a series of statements in support of what they contend the "facts of the case at bar require" but which are all devoid of any supporting citation to the record.  The same basic deficiency accompanies the Plaintiffs' presentation of their argument on their "easement by estoppel" issue.  Indeed, whereas multiple statements are made throughout the included argument, no citations are provided to the record.

This Court may properly decline to consider an issue that has not been briefed in accordance with applicable rules, *Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *3 (Tenn. Ct. App. Feb. 20, 2015), and we have previously held that a party's "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).  Here, given the Plaintiffs' noncompliance with applicable briefing requirements, we conclude that they have waived any issues raised and that the appeal should be dismissed. *See Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). As a result, the appeal is hereby dismissed, and the case is remanded for such further proceedings that are necessary and consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE