IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2024

**TOM DORER ET AL. v. DONNA HENNESSEE**

**Appeal from the Chancery Court for Sequatchie County**
**No. 2601        Melissa Thomas Willis, Chancellor**

_____

**No. M2023-00729-COA-R3-CV**

_____

This appeal arises out of a property dispute.  Although we agree with the Appellant that the trial court erred in pointing to the "good faith" of one of the Appellees when denying the Appellant any damages for Appellee's construction of a fence on the Appellant's land, and therefore remand this case for the entry of a judgment awarding the Appellant nominal damages for trespass, we conclude that the remainder of the Appellant's grievances, and requests for additional relief, are waived due to insufficient briefing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Reversed in Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Sarah Bible Willis, Jasper, Tennessee, for the appellant, Donna Hennessee.

Thomas K. Austin, Dunlap, Tennessee, for the appellees, Tom Dorer and Debbie Dorer.

**MEMORANDUM OPINION[1]**

        The underlying case in this matter involved competing claims over the location of a boundary line.  The trial court ultimately resolved the dispute by entering a decree regarding the location of the boundary line, while also granting certain relief to the

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

        This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellees herein, Tom and Debbie Dorer (collectively, "the Appellees"), on account of the actions of Donna Hennessee ("the Appellant"), who had given fence materials belonging to the Appellees to a third party. Although the trial court also held that Mr. Dorer had built a fence on the Appellant's land, the court cited his "good faith" and ultimately did not award the Appellant any damages. Although the Appellant has appealed and raised multiple issues, we do not reach the merits of most of her asserted grievances due to substantial deficiencies in her prepared appellate brief.

Under Rule 27 of the Tennessee Rules of Appellate Procedure, the brief of the appellant shall contain, in relevant part, the following:

> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a).

Rule 6 of the Rules of the Court of Appeals of Tennessee requires that written argument in regard to each appellate issue contain, among other things, "[a] statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found." Tenn. Ct. App. R. 6(a). Rule 6 further provides that "[n]o complaint of . . . action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded." Tenn. Ct. App. R. 6(b). Additionally, no assertion of fact will be considered on appeal "unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." *Id.*

Here, the Appellant's brief is largely devoid of any meaningful citations to the record so as to support the points advanced therein.[2] Critically, the "Argument" section fails to appropriately comply with the applicable briefing requirements referenced above. The "Argument" section of the Appellant's brief is broken up into five subsections, with

---

[2] We focus herein on the "Argument" section of the Appellant's brief, but it should be noted that other sections of the brief lack meaningful citations as well. For instance, although the "Statement of Facts" section contains a few references to trial exhibits, as well as a couple of citations to portions of the trial transcript, multiple statements tendered as facts in this case are entirely unsupported by any record reference.

each subsection ostensibly intended to be responsive to one of the five issues denominated in the Appellant's "Issues for Review" section. As discussed herein, each subsection of the Appellant's "Argument" is plagued with briefing deficiencies. Although we are able to conclude, despite the briefing deficiencies, that the Appellant is technically entitled to *some* relief from the trial court's judgment, we deem the balance of her asserted grievances to be waived for lack of appropriate compliance with the appellate briefing requirements. Before addressing the specific issue on which we are compelled to reverse the trial court, we begin by generally outlining the various briefing deficiencies that exist.

In the first subsection of argument, there are a few scattered references to trial exhibits, but overall, virtually no effort was made to provide appropriate references to the record. Of note, there are no citations to the trial transcript, an observation that is particularly problematic given the subsection's frequent reference to, and reliance upon, alleged testimony from the trial. Strikingly, in one instance, the Appellant not only fails to provide a proper citation for her reference to a supposed statement from one of the opposing parties, she also fails to definitively signal that the offered statement itself actually occurred. Indeed, immediately following one quotation that is attributed to one of the Appellees, the Appellant augments her offered quotation with the following qualifier: "or words to that effect." Finally, we note that although the first subsection of argument takes umbrage at a particular finding of the trial court, no record citation in relation to the finding was technically made.

In the second subsection of argument, which concerns certain relief given to the Appellees, there are no citations whatsoever, whether in relation to the record or applicable legal authority. In the third subsection of argument, concerning the issue of attorney's fees, outside of an isolated reference to certain trial exhibits in relation to one sentence, no attempt was made to substantiate the balance of the various statements included therein by way of appropriate references to the record. The thrust of the argument is simply devoid of any demonstrated support by way of citation to the record. In addition, although the Appellant does offer some general legal authority pointing to the discretionary nature of an award of appellate attorney's fees, she does not actually offer any legal authority specifically explaining how, in a case like the one at bar, an award of attorney's fees is a substantively proper one. "Under the American rule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009).

The fourth subsection of argument, concerning litigation costs, is also devoid of any meaningful citations in relation to the argument that is advanced. For instance, although this subsection of argument appears to be focused on recovering purported costs associated with a particular property surveyor, Mr. Jeffrey Elliott, only a single record citation, in relation to an exhibit, is offered with respect to Mr. Elliott; moreover, the referenced exhibit

simply depicts a part of a survey ostensibly prepared by Mr. Elliott. The exhibit does not actually itself support the notion, as the rest of the argument is concerned, that the Appellant paid for the survey, and that she did so during the pendency of this litigation. Separate statements in this subsection of argument that the Appellant "hire[d]" a surveyor and "pa[id] for a boundary survey" are not supported by way of any citation. Obviously to the extent that the Appellant is relying on such facts in an attempt to recover these purported costs, she has made no effort to support her argument with appropriate references to the record. The fifth subsection of argument, concerning punitive damages, also bears notable deficiencies. Although there are scattered references to photographic and video exhibits, multiple other factual assertions as to what the parties allegedly testified to are entirely unsupported. Indeed, none of the various statements included in this subsection about testimony offered at trial—testimony the Appellant evidently believes justifies relief in her favor—are supported by citation to the record. Of further note, the Appellant does not actually provide a record reference to the actual action of the trial court complained of, i.e., the denial of punitive damages.[3]

In short, for the various reasons discussed above, the Appellant's brief falls well short of advancing a developed argument in compliance with all of the applicable briefing requirements. The Appellant's failure to make any meaningful attempt at providing proper citations to the trial testimony is particularly frustrating. Indeed, whereas each subsection of the "Argument" section invokes purported testimony from the trial, in each instance the testimony referred to is devoid of an accompanying record reference.

This Court may properly decline to consider an issue that has not been briefed in accordance with applicable rules, *Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *3 (Tenn. Ct. App. Feb. 20, 2015), and we have previously held that a party's "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). Here, given the Appellant's noncompliance with applicable briefing requirements, we conclude that her raised issues are, as a general matter, subject to waiver.

Notwithstanding the Appellant's briefing deficiencies, there is one concern for which our review is ultimately not hindered and for which we therefore find good cause to

---

[3] As an aside, the Appellant not only fails to cite to the record to engage with the trial court's order in this subsection of argument, she also fails to engage, in any respect, with a finding the trial court made relative to the alleged behavior that she appears to presently invoke as a justification for damages in this subsection. Indeed, although the Appellant points to her own alleged testimony—albeit, of course, without any record citation—in support of her contention that actions of the Appellees were "intimidating and threatening" so as to justify giving her punitive damages, we observe that the trial court expressly found that the Appellant did not have credibility "relative to her allegations of egregious behavior." The Appellant's brief does not even confront that adverse credibility finding.

- 4 -

address:[4] whether the trial court erred in "finding [the Appellees] acted in good faith . . . [and] thereby dismissing [the Appellant's] Trespass Claim." As to this matter, although the brief is technically devoid of an appropriate reference to the record concerning this finding by the trial court, it is clear, as even the Appellees acknowledge in their briefing, that the trial court did reference Mr. Dorer's "good faith" in the course of its ruling, a ruling pursuant to which the court did not award the Appellant *any* damages even though, as also acknowledged by the Appellees, the trial court found that Mr. Dorer had built a fence on the Appellant's land. The Appellant has quoted case law signifying that one's good faith is not part of the inquiry as to whether a trespass occurred, *see Twenty Holdings, LLC v. Land S. TN, LLC*, No. M2018-01903-COA-R3-CV, 2019 WL 4200970, at \*9 (Tenn. Ct. App. Sept. 5, 2019) ("[A]n intent to be at the place where the trespass allegedly occurred is sufficient to show an intentional entry, even though the defendant acted in good faith, and under the mistaken belief, however reasonable, that he or she was not committing a wrong." (quoting 75 Am. Jur. 2d *Trespass* § 23)), and the Appellant has also correctly noted in her briefing that trespass entitles the property owner to at least nominal damages. *See, e.g., Barrios v. Simpkins*, No. M2021-01347-COA-R3-CV, 2022 WL 16846642, at \*13 (Tenn. Ct. App. Nov. 10, 2022). Based on the trial court's finding that Mr. Dorer built a fence on the Appellant's land, a trespass was established, and the Appellant is entitled to an award of nominal damages. Mr. Dorer's "good faith" is of no moment. All other issues raised in this appeal, however, are waived due to insufficient briefing by the Appellant.[5]

In light of the foregoing, although we reverse the trial court's judgment in part and remand for the entry of an award of nominal damages for trespass in the Appellant's favor, the balance of the judgment is affirmed based on the Appellant's waiver, and the case is remanded for such further proceedings that are necessary and consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[4] Rule 2 of the Tennessee Rules of Appellate Procedure allows this Court to suspend the requirements of Rule 27 for "good cause." Tenn. R. App. P. 2 (providing that, subject to certain exceptions, "[f]or good cause . . . [the] Court of Appeals . . . may suspend the requirements or provisions of any of these rules"). The Court has previously found good cause to exist when, among other things, its ability to address an issue "is not hindered by the deficiencies." *City of Memphis v. Edwards by & Through Edwards*, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at \*1 n.2 (Tenn. July 5, 2023) (per curiam order) (quoting *City of Memphis v. Edwards by & Through Edwards*, No. W2022-00087-COA-R3-CV, 2023 WL 2159244, at \*11 (Tenn. Ct. App. Feb. 22, 2023) (Stafford, J., dissenting)).

[5] Although the Appellees have requested that we award them damages for a frivolous appeal under the authority of Tennessee Code Annotated section 27-1-122, we, in the exercise of our discretion, decline to award any attorney's fees in connection with this appeal.