IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2025

## GLENYA COLE-JACKSON v. COSTCO WHOLESALE CORPORATION D/B/A COSTCO

**Appeal from the Circuit Court for Shelby County**
**No. CT-000201-17      Rhynette N. Hurd, Judge**

_____

### No. W2023-01563-COA-R3-CV

_____

This is an appeal from a directed verdict in a personal injury lawsuit. Glenya Cole-Jackson ("Plaintiff") sued Costco Wholesale Corporation d/b/a Costco ("Defendant") in the Circuit Court for Shelby County ("the Trial Court") over an incident in which she was hit by a shopping cart pulled by one of Defendant's employees. The case went before a jury. At the close of Plaintiff's proof, Defendant moved for a directed verdict. The Trial Court granted the motion, finding that Plaintiff failed to submit evidence that the shopping cart incident caused her injuries. Plaintiff appeals. Contrary to Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Tennessee Court of Appeals, Plaintiff's brief fails to cite the record. In addition, the record contains no transcript or statement of evidence of the trial, hence we have no basis for determining that the Trial Court erred. We find that Plaintiff has waived her issues. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Glenya Cole-Jackson, Memphis, Tennessee, pro se appellant.

Karen S. Koplon and Taylor B. Davidson, Memphis, Tennessee, for the appellee, Costco Wholesale Corporation d/b/a Costco.

## MEMORANDUM OPINION[1]

### Background

In 2012, Plaintiff was hit by a shopping cart pulled by one of Defendant's employees in Defendant's store. In 2013, Plaintiff sued Defendant, although she later nonsuited. In January 2017, Plaintiff filed the present action against Defendant in the Trial Court alleging personal injury from the shopping cart incident. The first trial resulted in a hung jury and a mistrial. A second trial saw a verdict returned in Plaintiff's favor, but that verdict was vacated and a new trial granted by the Trial Court acting as thirteenth juror. In July 2023, a third trial was held. At the close of Plaintiff's proof, Defendant moved for a directed verdict. The Trial Court granted the motion. In its written order granting Defendant a directed verdict, the Trial Court stated, in part:

> In this case, Plaintiff has presented no evidence upon which the jury can base its determination whether the alleged injuries are related to Defendant's alleged negligence or whether medical expenses are necessary and reasonable. There is nothing in the evidence submitted as part of Plaintiff's proof that says the medical condition of which Plaintiff complains more likely than not relates to the December 31, 2012, incident that is the subject of this lawsuit. No medical expert involved in this case opined that he could causally relate the injury to the incident. Without that proof, the jury would be forced to speculate about the connection. Therefore, Plaintiff has failed to carry her burden.

Plaintiff filed a motion to alter or amend or for a new trial. In October 2023, the Trial Court denied Plaintiff's motion. Plaintiff timely appealed to this Court.

### Discussion

Plaintiff raises several issues regarding why she believes the Trial Court's judgment should be reversed. However, the sole dispositive issue is whether Plaintiff has waived her issues through noncompliance with the rules of briefing and failure to prepare an appellate record sufficient for our review.

---

[1] Rule 10 of the Rules of the Tennessee Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Tenn. R. App. P. 27(a)(6) requires that an appellant's brief contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with <u>appropriate references to the record</u>." (Emphasis added). In addition, Rule 27(a)(7)(A) requires "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and <u>appropriate references to the record</u> (which may be quoted verbatim) relied on." (Emphasis added). Similarly, Rule 6(b) of the Rules of the Tennessee Court of Appeals provides:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

We understand that Plaintiff is a pro se litigant and have tried to give her the benefit of the doubt. Even still, pro se litigants must comply with the same substantive and procedural rules applicable to represented parties. *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). Plaintiff's brief does not make appropriate references to the record in support of her factual assertions. This is more than a technical slip-up; it is a major omission. Failure to cite facts in the record where appropriate as required by Rule 27 may result in the waiver of an appellant's issues. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). Courts and opposing parties are not required to comb through the record to find support for an appellant's bare assertions. Nevertheless, that is what Plaintiff's brief requires the reader to do. In view of Plaintiff's major noncompliance with the rules of briefing, we find that Plaintiff's issues are waived.

In addition, even if Plaintiff had followed the rules of briefing, she has not prepared a sufficient record for appellate review. The appendix of extraneous materials attached to Plaintiff's brief is not a substitute for the appellate record. "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). This is an appeal from the grant of a directed verdict, yet the record contains no transcript or statement of evidence of the trial.[2] The record contains a transcript of the argument on Defendant's motion for directed verdict and the Trial Court's oral ruling granting the motion, but that is not evidence. "It is well settled that, in the absence of a transcript or statement of the evidence, there is a conclusive

---

[2] Plaintiff tried unsuccessfully to file a statement of evidence in accordance with Tenn. R. App. P. 24. The Trial Court granted Defendant's objection to Plaintiff's statement, finding that it was not a fair, accurate, and complete account of the trial.

presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). Given the lack of transcript or statement of evidence of the July 2023 trial this appeal stems from, we have no basis for determining that the Trial Court erred by granting Defendant a directed verdict.

We find that Plaintiff has waived her issues on appeal due to her failure to comply with Tenn. R. App. P. 27 and Rule 6 of the Tennessee Court of Appeals. Because Plaintiff both waived her issues raised on appeal and failed to provide an appellate record containing the relevant factual evidence, we affirm the Trial Court.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Glenya Cole-Jackson, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE